**Max MELENDEZ, Plaintiff-Appellant,**

v.

**SINGER–FRIDEN CORPORATION, Defendant-Appellee.**

**No. 74–1883.**

United States Court of Appeals, Tenth Circuit.

Jan. 20, 1976.

Alfred M. Carvajal of Carvajal & Sparks, Albuquerque, N. M., on the brief for appellant.

Robert C. Poole, Henry A. Kelly and Robert W. Harris, of Poole, Tinnin, Danfelser & Martin, Albuquerque, N. M., on the brief for appellee.

Before LEWIS, Chief Judge, and SETH and McWILLIAMS, Circuit Judges.

LEWIS, Chief Judge.

This is a discrimination in employment action filed by plaintiff against Singer-Friden Corporation (Singer) in the district court for the District of New Mexico alleging claimed causes of action under 42 U.S.C. § 2000e *et seq.* and 42 U.S.C. § 1981. The trial court granted Singer a summary judgment of dismissal on plaintiff's first claim but did not dismiss the section 1981 claim. Absent certification under Rule 54(b) of the Federal Rules of Civil Procedure and with no certification for interlocutory consideration under 28 U.S.C. § 1292(b) the threshold question is whether this court has jurisdiction to consider plaintiff's appeal from the judgment of dismissal entered in the Title VII claim. The basis for the order of dismissal was the untimely filing of the complaint as it pertained to this action and a specific find-

ing that no equitable consideration justified a tolling of the statutory bar of limitations.

An earlier motion made by Singer to dismiss the appeal was denied by another panel of this court and we hold such denial to be proper under the particular circumstances of the case. 28 U.S.C. § 1292(a)(1) sets jurisdiction for this court to entertain appeals from interlocutory orders of the trial court

> granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions, except where a direct review may be had in the Supreme Court . . . .

There is no question but that the trial court's order summarily dismissing plaintiff's claim under 42 U.S.C. § 2000e severely limited plaintiff's claim to effective injunctive relief and necessarily has a severe impact upon the judicial priority accorded consideration of injunctions. Courts have recognized that many orders not dealing exclusively with injunctions do nevertheless constitute interlocutory orders impairing injunctive relief and are thus entitled to immediate appellate review. In *Abercrombie & Fitch Co. v. Hunting World, Inc.*, the Second Circuit held a partial summary judgment order, in a trademark infringement suit which in effect constituted a final denial of injunctive relief as to certain uses of the word "Safari," to be appealable as an interlocutory order refusing an injunction. 461 F.2d 1040, 1041–42. In *Spangler v. United States*, 415 F.2d 1242, 1246–48, the Ninth Circuit held an order appealable which struck part of the government's complaint in intervention and thereby eliminated certain parties which the government sought to enjoin. In *Build of Buffalo, Inc. v. Sedita*, 441 F.2d 284, the Second Circuit found appealable an order dismissing certain defendants in a civil rights action against whom an injunction was sought. In *Yaffe v. Powers*, 454 F.2d 1362, the First Circuit, in an action for broad injunctive relief against police surveillance, held a district court's refusal to recognize the

purported class to be an action narrowing injunctive relief and thus appealable under 28 U.S.C. § 1292(a)(1).

■ Plaintiff's complaint in the instant case alleges violations of both Title VII and section 1981 but the injunctive relief appears to have been sought primarily under Title VII. This court has recently indicated the differences in the substantive and enforcement provisions of these two statutes. *Taylor v. Safeway Stores, Inc.*, 524 F.2d 263. The Fifth Circuit in *Guerra v. Manchester Terminal Corp.*, commented that although Title VII and section 1981

> may overlap in the area of employment discrimination, their confluence must not be exaggerated. They are separate, independent statutes. The procedures under them vary; the available remedies may differ significantly; and . . . conduct creating liability under one may not create liability under another.

498 F.2d 641, 658 n. 46. The Supreme Court in *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 461, 95 S.Ct. 1716, 1721, 44 L.Ed.2d 295, held that "the remedies available under Title VII and under § 1981, although related, and although directed to most of the same ends, are separate, distinct, and independent." We repeat that the posture and scope of the injunctive relief sought herein are sufficiently curtailed by the entry of the partial summary judgment order to warrant appealability under 28 U.S.C. § 1292(a)(1).

■ Passing then to the merits of the trial court's order we affirm the judgment. Following routine and statutory authority the EEOC informed plaintiff by letter dated March 12, 1974, and received by plaintiff on March 13, that he had 90 days within which to pursue, if so he chose, his claim by an action in the district court with a complaint filed within the 90 days. Such limitation runs from the date of receipt, *Plunkett v. Roadway Express, Inc.*, 10 Cir., 504 F.2d 417, and thus would terminate on June 11, 1974. Plaintiff filed his complaint on

June 12. Although Title VII should not be construed so strictly as to deny civil rights relief from over technicalism, this court is not at liberty to indulge in judicial yielding of statutory limitation for purposes peculiar to the Civil Rights Act. *Archuleta v. Duffy's Inc.*, 10 Cir., 471 F.2d 33, 34–35. The filing was thus actually untimely and this the plaintiff concedes. However, plaintiff seeks to bar the impact of the limitation under two theories.

■ First, plaintiff contends that the limitation should not be applicable at all, arguing that Singer's discrimination was ongoing in nature. No authority for this contention is cited,[1] no allegation in the complaint supports the position, and the issue is raised for the first time on appeal. We must reject this argument in toto. *Associated Press v. Cook*, 10 Cir., 513 F.2d 1300, 1302.

Secondly, plaintiff argues that the limitation should not be imposed against him because of equitable considerations premised upon a letter sent to him by the EEOC. This letter, dated May 29, is set out in full in the appendix. This contention was fully considered by the trial court and the equities weighed. The trial court determined and stated: "In short, plaintiff here simply does not have the equities on his side."

■ The trial court noted, as do we, that the cases cited by plaintiff, where courts have held that equitable considerations warranted a tolling of the statutory limitation, involved factual backgrounds of judicial inaction or Commission statutory dereliction or administrative delay, all being matters beyond the control of the plaintiff.[2] Such is not our case. The Commission had no statutory duty to send the May 29 letter and plaintiff made no effort to seek judicial aid prior to the filing of the complaint. So, too, we note that two weeks from May 29 is precisely June 11 and if the letter is so read it is entirely accurate in content. If the plaintiff chose to assume that fourteen days should exclude May 29 then he may well be the victim of his own assumption. In any event we hold that the voluntary action of the Commission in sending the May 29 letter does not and should not give rise to an equity that warrants judicial disregard of the clear compulsion of a statute.

The judgment is affirmed.

## APPENDIX

May 29, 1974

Mr. Max Melendez
P.O. Box 559
Placitas, New Mexico 87043

RE: Singer-Friden Corp. (YAL2–009)

Dear Mr. Melendez:

On March 14, 1974, we transmitted to you a Letter of Determination relative to the charge you filed with the Equal Employment Opportunity Commission, together with the NOTICE OF RIGHT TO SUE WITHIN 90 DAYS. According to our records, you have only 14 days left in which to file your complaint in Federal District Court or you will lose your right to sue under Title VII. This, of course, depends on whether you want to pursue this matter further. If you decide to let the matter rest and not file a complaint, then you should advise us so that your file can be closed.

We are enclosing a short form for your convenience to indicate your preference, together with a self-addressed envelope which requires no postage.

---

1. Plaintiff's cited authority on this point relates to tolling the period in which complaints must be filed with the EEOC. These decisions have a far different impact than the holding plaintiff now seeks to elicit from this court, that after review by the EEOC a plaintiff may, because of ongoing discrimination, evade the jurisdictional limit of 90 days.

2. *Gates v. Georgia-Pacific Corp.*, 9 Cir., 492 F.2d 292; *Huston v. General Motors Corp.*, 8 Cir., 477 F.2d 1003; *Choate v. Caterpillar Tractor Co.*, 7 Cir., 402 F.2d 357; *Austin v. Reynolds Metals Co.*, E.D.Va., 327 F.Supp. 1145; *Prescod v. Ludwig Industries*, N.D.Ill., 325 F.Supp. 414; *McQueen v. E.M.C. Plastic Co.*, E.D.Tex., 302 F.Supp. 881; *Grimm v. Westinghouse Electric Corp.*, N.D.Cal., 300 F.Supp. 984; *Pullen v. Otis Elevator Co.*, N.D. Ga., 292 F.Supp. 715.

If you have any questions, please do not hesitate to call us.

Sincerely yours,

/s/ T. E. Robles

TOM E. ROBLES
District Director

TER/gyb
Enclosures