Douglas E. COTTRELL,
Plaintiff-Appellant,

v.

NEWSPAPER AGENCY CORPORA-
TION, a Utah Corporation,
Defendant-Appellee.

No. 77–1356.

United States Court of Appeals,
Tenth Circuit.

Argued Sept. 28, 1978.

Decided Jan. 8, 1979.

R. Clark Arnold, Salt Lake City, Utah, for plaintiff-appellant.

James S. Lowrie, Salt Lake City, Utah (Glen D. Watkins, Salt Lake City, Utah, on the brief), for defendant-appellee.

Before SETH, Chief Judge, and LEWIS and BARRETT, Circuit Judges.

LEWIS, Circuit Judge.

Plaintiff filed· a complaint under Title VII of the Civil Rights Act of 1964 [1] in the United States District Court for the District of Utah against his former employer alleging racial discrimination in employment. This appeal is from a judgment of dismissal for failure to file the complaint within ninety days after receipt of an EEOC "Notice of Right to Sue" Letter as required by 42 U.S.C. § 2000e–5(f)(1). [2]

On August 19, 1975, plaintiff filed a charge of employment discrimination with

---

1. 42 U.S.C. § 2000e et seq.

2. 42 U.S.C. § 2000e–5(f)(1) reads in pertinent part as follows:

If a charge filed with the [Equal Employment Opportunity] Commission . . . is dis-

missed . . . the Commission . . . shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge . . . by the person claiming to be aggrieved . . . . .

the Anti-Discrimination Division of the Utah Industrial Commission (UIC). On February 26, 1976, the Anti-Discrimination Division issued a determination that there was no reasonable cause to believe that defendant had violated the Utah Anti-Discrimination Act, UCA §§ 34–35–1 to 8, and dismissed the charge on the merits. The charge was automatically referred to the Federal Equal Employment Opportunity Commission for further investigation, and plaintiff in addition appealed the adverse state determination to the UIC itself, which held a formal hearing on May 6. While the UIC appeal was still pending, on July 26, 1976, the EEOC issued a determination of no reasonable cause to believe that defendant had violated Title VII of the Civil Rights Act of 1964 as alleged. The EEOC determination stated that:

> Substantial weight has been accorded the State agency findings relating to the subject charge.

Enclosed with the EEOC determination was a letter entitled "NOTICE OF RIGHT TO SUE," which informed plaintiff that he could pursue his charge further by bringing suit in federal district court. The notice cautioned in bold capital print: "IF YOU DECIDE TO SUE, YOU MUST DO SO WITHIN NINETY (90) DAYS FROM THE RECEIPT OF THIS NOTICE; OTHERWISE YOUR RIGHT TO SUE IS LOST." This warning notwithstanding, plaintiff failed to file suit in the present action until November 12, 1976, more than ninety days after the EEOC notice was received.

■ Plaintiff now argues that he is excused from compliance with the ninety day limit as a result of the EEOC's stated reliance on the state agency findings. At the time the EEOC determination and notice were sent the only available state agency findings were those of the Anti-Discrimination Division, then the subject of a UIC appeal. The final UIC determination was not made until October 20, 1976, and was not sent to plaintiff until October 30, more than ninety days after the EEOC letter was mailed. Plaintiff contends that his action should not be barred by failure to file within the ninety day period on grounds that: (1) effective notice from the EEOC, which commences the running of the period, was not received until the final UIC determination was delivered to plaintiff; or (2) the doctrine of equitable tolling should apply to delay the commencement of the period until the final UIC findings were received.

### I.

Plaintiff's claim of inadequate notice is without merit and must be rejected. The EEOC determination letter apprised plaintiff of the following:

> This determination concludes the Commission's processing of the subject charge. Should the Charging Party wish to pursue this matter further Charging Party may do so by filing a private action in Federal District Court within 90 days of the receipt of this letter and by taking the other procedural steps set out in the enclosed NOTICE OF RIGHT TO SUE.

Plaintiff thus received full and actual notification that the EEOC would pursue the matter no further and any further federal relief must be sought in district court within ninety days.

■ The efficacy of this notice is in no way vitiated by the EEOC's stated reliance on state agency findings. It was entirely proper for the EEOC to consider the findings of the Utah Anti-Discrimination Division in reaching its determination. The EEOC is under statutory obligation to "accord substantial weight to final findings and orders made by State or local authorities" in determining whether reasonable cause exists. 42 U.S.C. § 2000e–5(b). There is, however, no correlative prohibition against according weight to "non-final" state findings. Indeed, Title VII contemplates that federal proceedings may be commenced during the pendency of state actions. 42 U.S.C. §§ 2000e–5(c),[3] (e)[4] and

---

**3.** 42 U.S.C. § 2000e–5(c)

[N]o charge may be filed under subsection (b) of this section by the person aggrieved before the expiration of sixty days after proceedings have been commenced under the State or local law, unless such proceedings have been earlier terminated . . . .

**4.** 42 U.S.C. § 2000e–5(e)

A charge under this section shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred . . . except that in a case of an unlawful employment practice with respect to which the person aggrieved has initially

(f)(1).[5]  Federal Title VII suits are *de novo* actions, so adverse interim state findings are no hindrance to a claim in federal district court. *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 799, 93 S.Ct. 1817, 36 L.Ed.2d 668.

We therefore conclude that the EEOC may afford substantial weight to non-final state findings in determining whether reasonable cause exists to believe that a charged party has violated Title VII and inform the charging party of that reliance without thereby impairing the effectiveness of its notice of right to sue.

## II.

Plaintiff's claim of equitable tolling likewise provides us with no basis to disturb the judgment below. Plaintiff did not formally plead tolling in the district court, but he did argue the issue orally in response to defendant's motion to dismiss. In granting defendant's motion the district judge did not make any specific findings as to the relative equities on the tolling claim. It is thus unclear from the record whether the dismissal resulted from a finding of insufficient equity to justify tolling or from adoption of defendant's argument that the period is not subject to tolling under any circumstances. Despite this lack of certainty in the reasons premising the trial court's ruling we deem the case capable of appellate merit review on the present record. *Compare Hernandez v. Stearns-Roger Corporation,* 77–1982, 10 Cir., filed Nov. 27, 1978, unpublished. Assuming *arguendo* that the ninety day period is subject to potential equitable tolling, *Dartt v. Shell Oil,* 10 Cir., 539 F.2d 1256, *aff'd per curiam* (by an equally divided court), 434 U.S. 99,

97 S.Ct. 1097, 51 L.Ed.2d 534 (1977), the circumstances of this case indicate that plaintiff is entitled to no equitable relief as a matter of law.

In *Electrical Workers v. Robbins & Myers, Inc.,* 429 U.S. 229, 97 S.Ct. 441, 50 L.Ed.2d 427, the Supreme Court held that the period for bringing suit under Title VII is not tolled by the pendency of arbitration proceedings, noting that relief under Title VII is totally independent of other available remedies and pendency of alternative proceedings in no way prevented the claimant from pursuing her Title VII rights. *Electrical Workers* was relied on by the Second Circuit in *Smith v. American President Lines, Ltd.,* 571 F.2d 102. There the plaintiff argued that the statutory period for bringing charges under the Civil Rights Act should have been tolled due to failure of his employer to post statutorily required signs advising employees of their rights under Title VII. This argument was rejected by the Second Circuit, which reasoned as follows:

[T]he decision in *Electrical Workers* strongly suggests that, even assuming the Title VII time limits are not strictly jurisdictional, the tolling of those limits may be very restricted. The [Supreme] Court implied that tolling might be appropriate only where the defendant has actively misled the plaintiff respecting the cause of action, or where the plaintiff has in some extraordinary way been prevented from asserting his rights, or has raised the precise statutory claim in issue but has mistakenly done so in the wrong forum. 571 F.2d at 109 (footnote omitted).

Similarly, the allegations of the plaintiff in the case at bar do not rise to the level of

---

instituted proceedings with a State or local agency . . . such charge shall be filed by or on behalf of the person aggrieved within three hundred days after the alleged unlawful employment practice occurred, or within thirty days after receiving notice that the State or local agency has terminated the proceedings under the State or local law, whichever is earlier . . . .

5. 42 U.S.C. § 2000e–5(f)(1)

* * * Upon request, the [federal district] court may, in its discretion, stay further proceedings [after the complaint has been filed] for not more than sixty days pending the termination of State or local proceedings . . . .

active deception which might invoke the powers of equity to toll the limitations period. The notice from the EEOC advised plaintiff in unambiguous terms that his right to sue would be lost if not exercised within ninety days, and in light of this unqualified warning we cannot give force to plaintiff's assertion that he was "lulled" by the notice. If in fact plaintiff was subjectively misled to believe that he could ignore the ninety day period, such a response was not reasonably predictable from the face of the notice and cannot be grounds for tolling the filing period. *Melendez v. Singer-Friden Corp.*, 10 Cir., 529 F.2d 321.

Our conclusion here is further supported by plaintiff's failure to avail himself of a provision within the Civil Rights Act which would have permitted him to request the district court to stay proceedings for up to sixty days pending the termination of the state appeal. 42 U.S.C. § 2000e–5(f)(1).[6] If plaintiff deemed availability of the final UIC result essential to his decision on whether to proceed with a district court claim, the federal statutory scheme provided means to accommodate this desire. Plaintiff had been represented by counsel at the earlier state proceedings, and the Notice of Right to Sue instructed him further that appointed counsel might be available at the district court. We therefore find no need to circumvent the clear ninety day filing requirement where both adequate counsel and statutory provision for a stay were available to plaintiff but not utilized.

Defendant's claim for counsel fees must fail. Plaintiff's action was not frivolous or without foundation. *Christianburg Garment Co. v. E.E.O.C.*, 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648.

Affirmed.

---

6. The relevant statutory text is quoted in note 5, *supra*.