652 F.2d 981
 26 Fair Empl.Prac.Cas. 281,
26 Empl. Prac. Dec. P 31,944
Nettie G. CARLILE, Plaintiff-Appellee,
v.
SOUTH ROUTT SCHOOL DISTRICT RE 3-J, in the County of Routt,
State of Colorado, Defendant-Appellant.
 No. 80-1330.
 United States Court of Appeals,
Tenth Circuit.
 Argued May 13, 1981.
Decided July 6, 1981.
 
 John H. Love, Boulder, Colo., for plaintiff-appellee.
 William C. Wildberger, II, Denver, Colo. (Peter M. Eggleston, Durant D. Davidson and Karen W. Gangle, on the brief), of Cogswell & Wehrle, Denver, Colo., for defendant-appellant.
 Leroy D. Clark, Gen. Counsel, Joseph T. Eddins, Associate Gen. Counsel, Lutz Alexander Prager and W. Sherman Rogers, Equal Employment Opportunity Commission, Washington, D. C., filed an amicus curiae brief for the United States Equal Employment Opportunity Commission.
 Before BARRETT and LOGAN, Circuit Judges, and KERR, District Judge.*
 BARRETT, Circuit Judge.
 
 
 1
 South Routt School District, RE-3J, in the County of Routt, State of Colorado, (School District) brings this interlocutory appeal pursuant to 28 U.S.C.A. § 1292(b) challenging an order denying its motion to dismiss a Title VII complaint filed by Nettie G. Carlile (Carlile). School District contends Carlile's complaint should have been dismissed by the Court for failure to file within ninety (90) days after receipt of the Department of Justice's Notice of Right to Sue as required by 42 U.S.C.A. § 2000e-5(f)(1).
 
 
 2
 Under § 2000e-5(f)(1), if a charge filed with the Commission is dismissed by the Commission, not acted upon by the Commission, or if the Commission has not entered into a conciliatory agreement to which the person aggrieved is a party,
 
 
 3
 ... the Commission ... shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge (A) by the person claiming to be aggrieved ...
 
 
 4
 A review of the undisputed relevant facts will facilitate our review.
 
 
 5
 Carlile was employed as a teacher by School District for three consecutive school years, 1972-73, 1973-74, and 1974-75. On April 10, 1975, she received written notification that her contract would not be renewed for the 1975-76 school year. Carlile subsequently filed a discrimination charge with the Colorado Civil Rights Commission on June 2, 1975, alleging that School District had refused to renew her contract solely because of its desire to hire a male teacher who would also be able to coach basketball. A similar charge was filed with the Equal Employment Opportunity Commission on July 1, 1975.
 
 
 6
 On April 5, 1978, Carlile received a notice of right to sue letter from the Department of Justice, which stated in part:[1]
 
 NOTICE OF RIGHT TO SUE WITHIN 90 DAYS
 
 7
 The Civil Rights Division has completely reviewed the file referred to us by the Equal Employment Opportunity Commission (EEOC) in its investigation of your charge of discrimination, and it has been determined that we will not file suit in this particular matter against the respondent. This should not be taken to mean that the Department of Justice has made a judgment as to whether or not your charge is meritorious.
 
 
 8
 You are hereby notified that conciliation on your case was unsuccessful by the EEOC. You are further notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent. If you choose to commence a civil action, such suit must be filed in the appropriate United States District Court within 90 days of your receipt of this Notice.
 
 
 9
 (R., Vol. I, at p. 1).
 
 
 10
 At the time Carlile received the right to sue letter she was employed as a cook in Valentine, Nebraska, on a very limited income. During the latter part of May 1978, she moved to Tie Siding, Wyoming, where she was employed as a cook on a Wyoming ranch. As a ranch cook, Carlile worked long hours, six to six and one-half days a week.
 
 
 11
 In early June 1978, Carlile contacted the Clerk's office of the United States District Court in Denver, Colorado. Pursuant to this contact, Carlile forwarded a copy of her right to sue letter, after which the Clerk's office responded via a letter[2] of June 6, 1978 which stated:
 
 
 12
 We are in receipt of your letter forwarding a copy of your right to sue letter. Please be advised that it will be necessary for you to complete the enclosed Motion and Affidavit for submission to the court regarding appointment of an attorney for you. We would ask that you give this your immediate attention due to the time limits involved in getting your complaint filed with the Court.
 
 
 13
 As soon as the Motion and Affidavit are returned to this office the Court will consider the same and if approval is received for the appointment of an attorney, you will be notified as to who the attorney is. You will also be advised if the request is denied so that you may proceed to obtain your own attorney.
 
 
 14
 Again, may we remind you that a formal complaint must be filed within 90 days of the date of receipt of your right to sue letter.
 
 
 15
 (Appellee's brief at Appendix I-3).
 
 
 16
 On June 16, 1978, Carlile filed her motion to commence an action to proceed without payment of fees and costs, along with an affidavit in support of same. On the same date, the District Court entered an order granting Carlile's motion and appointing John Love, a Boulder, Colorado attorney, to represent her. The order also provided: "1. That this action shall be deemed commenced upon filing of the aforesaid Motion."
 
 
 17
 On Thursday, June 22, 1978, Love wrote Carlile confirming a meeting with her scheduled on July 12, 1978 at his office. Within his letter Love also addressed the timeliness of the action:
 
 
 18
 In connection with your query concerning commencement of the action by the Court in the June 16, 1978 order of appointment, I have noted that the statute provides authority for the Court to authorize the commencement of the action without payment of fees, costs, or security in such circumstances as the Court may deem just. Before I was appointed, I recall being advised by Mr. Ehrlich of the Clerk's office that the court would authorize the commencement of the action because of the delay in an appointment and I further indicated to him that I would be out of the state for the two week period ending July 9, 1978.
 
 
 19
 I understand under current practice that the language of the order tolls the statute of limitations for the commencement of the action. Today Mr. Ehrlich advised that he knows of no case where such an appointment has been questioned in this regard and that he doubted that the Judge would issue an order to show cause why the complaint had not been filed until 60 or 90 days after appointment.
 
 
 20
 (R., Vol. I, at p. 70).
 
 
 21
 Love apparently thereafter left Colorado on the weekend of June 24, 1978, and did not return until on or about Sunday, July 9, 1978. During his absence, the 90-day period following Carlile's receipt of the right to sue letter of April 5, 1978 lapsed on July 5, 1978. After Love's return to Colorado, he met with Carlile on July 12, 1978, and again on August 1, 1978, after which a complaint was filed on August 24, 1978, 141 days after Carlile's receipt of the 90-day notice letter.
 
 
 22
 On September 18, 1978, School District filed its answer contending, inter alia, that the District Court lacked subject matter jurisdiction under 42 U.S.C.A. § 2000e, et seq., in that Carlile's action was not commenced within 90 days of her receipt of the right to sue letter from the Department of Justice.
 
 
 23
 On November 13, 1979, the District Court entered an order denying School District's motion to dismiss, finding, inter alia :
 
 FINDS:
 
 24
 5. During the period between Plaintiff's filing a Motion to Commence an Action Without Payment of Fees and Costs (and the appointment of counsel to represent Plaintiff pursuant to said Motion) and the time Plaintiff's Complaint was filed on August 24, 1978, Plaintiff was working as a cook at a ranch near the Colorado-Wyoming border, making communication between herself and her court-appointed counsel difficult.
 
 
 25
 6. Plaintiff's court-appointed counsel filed the complaint in this action on August 24, 1978, after having completed what he considered to be necessary investigation of Plaintiff's claims.
 
 
 26
 7. Plaintiff's court-appointed counsel felt that in view of his late appointment and the Court's order of June 16, 1978, stating that the action would be deemed commenced as of that date, that it would not be necessary for him to file a Complaint in this action by July 4, 1978, which would have otherwise been the expiration date of the 90 day period for the filing of a Complaint after receipt by Plaintiff of her Right to Sue Notice.
 
 
 27
 8. While previous cases decided by the United States Court of Appeals for the Tenth Circuit have strictly enforced the 90 day time limit for the commencement of court action and have stated that said time limit may not be judicially extended, neither the Court nor counsel are aware of any case decided by the United States Court of Appeals for the Tenth Circuit in which the particular fact situation now before the Court was placed before and decided by the Court of Appeals.
 
 
 28
 9. The effect of the Court order of June 16, 1978, providing that the action should be deemed commenced with the filing of the Motion to Commence an Action Without Payment of Fees and Costs, was to extend the time limit for the filing of a Complaint by the Plaintiff herein.
 
 
 29
 10. The District Judge to whom this case is presently assigned has no authority to overrule the Court Order of June 16, 1978, entered by Chief Judge Winner prior to the present assignment of this case.
 
 
 30
 (R., Vol. I, at pp. 74-75).
 
 
 31
 The sole issue on appeal is whether the District Court erred in not dismissing Carlile's action for failure to commence an action pursuant to § 2000e-5(f)(1) within 90 days of her receipt of the notice of right to sue letter.
 
 
 32
 The time period for bringing a private civil rights action is any time within 90 days of receipt of a right to sue letter. Williams v. Southern Union Gas Company, 529 F.2d 483 (10th Cir. 1976), cert. denied, 429 U.S. 959, 97 S.Ct. 381, 50 L.Ed.2d 325 (1976). We have heretofore held that the time limits for filing an action under the Civil Rights Act equal employment opportunity provisions are jurisdictional and cannot be judicially extended. Archuleta v. Duffy's Inc., 471 F.2d 33 (10th Cir. 1973). Archuleta was cited with favor in Melendez v. Singer-Friden Corporation, 529 F.2d 321 (10th Cir. 1976):
 
 
 33
 Passing then to the merits of the trial court's order we affirm the judgment. Following routine and statutory authority the EEOC informed plaintiff by letter dated March 12, 1974, and received by plaintiff on March 13, that he had 90 days within which to pursue, if so he chose, his claim by an action in the district court with a complaint filed within the 90 days. Such limitation runs from the date of receipt, Plunkett v. Roadway Express, Inc., 10 Cir., 504 F.2d 417, and thus would terminate on June 11, 1974. Plaintiff filed his complaint on June 12. Although Title VII should not be construed so strictly as to deny civil rights relief from over technicalism, this court is not at liberty to indulge in judicial yielding of statutory limitation for purposes peculiar to the Civil Rights Act. Archuleta v. Duffy's Inc., 10 Cir., 471 F.2d 33, 34-35.
 
 
 34
 529 F.2d at pp. 323-324.
 
 
 35
 The majority of courts of appeal which have decided this issue have likewise held that commencing an action within the 90-day period is a jurisdictional prerequisite which is not subject to equitable modification: Crawford v. Western Electric Company, Inc., 614 F.2d 1300 (5th Cir. 1980); Trabucco v. Delta Airlines, 590 F.2d 315 (6th Cir. 1979); Archie v. Chicago Truck Drivers, Etc., 585 F.2d 210 (7th Cir. 1978); Hinton v. CPC International, Inc., 520 F.2d 1312 (8th Cir. 1975); Collins v. United Air Lines, Inc., 514 F.2d 594 (9th Cir. 1975); De Matteis v. Eastman Kodak, 511 F.2d 306 (2d Cir. 1975).
 
 
 36
 Subsequent opinions of this court, however, have held that the filing of a notice of intent to sue within defined time limitations is not jurisdictional in the traditional sense. In Dartt v. Shell Oil Company, 539 F.2d 1256 (10th Cir. 1976), aff'd per curiam, 434 U.S. 99, 98 S.Ct. 600, 54 L.Ed.2d 270 (1977), by an equally divided court, we held that where the basic purposes behind a 180-day notice requirement were fulfilled in spite of notice given 36 days beyond the statutory time period, under circumstances whereby an employer's failure to provide information to the wage and hour division contributed to an investigator's failure to notify the employee of her right to sue prior to the running of the 180-day period, the time limitation was tolled until the filing of a notice to sue.
 
 
 37
 Our holding in Dartt was clarified in Cottrell v. Newspaper Agency Corporation, 590 F.2d 836 (10th Cir. 1979) in which we stated:
 
 
 38
 Assuming arguendo that the ninety day period is subject to potential equitable tolling, Dartt v. Shell Oil, 10 Cir., 539 F.2d 1256, aff'd per curiam (by an equally divided court), 434 U.S. 99, 98 S.Ct. 600, 54 L.Ed.2d 270 (1977), the circumstances of this case indicate that plaintiff is entitled to no equitable relief as a matter of law.
 
 
 39
 In Electrical Workers v. Robbins & Myers, Inc., 429 U.S. 229, 97 S.Ct. 441, 50 L.Ed.2d 427, the Supreme Court held that the period for bringing suit under Title VII is not tolled by the pendency of arbitration proceedings, noting that relief under Title VII is totally independent of other available remedies and pendency of alternative proceedings in no way prevented the claimant from pursuing her Title VII rights. Electrical Workers was relied on by the Second Circuit in Smith v. American President Lines, Ltd., 571 F.2d 102. There the plaintiff argued that the statutory period for bringing charges under the Civil Rights Act should have been tolled due to failure of his employer to post statutorily required signs advising employees of their rights under Title VII. This argument was rejected by the Second Circuit, which reasoned as follows:
 
 
 40
 (T)he decision in Electrical Workers strongly suggests that, even assuming the Title VII time limits are not strictly jurisdictional, the tolling of those limits may be very restricted. The (Supreme) Court implied that tolling might be appropriate only where the defendant has actively misled the plaintiff respecting the cause of action, or where the plaintiff has in some extraordinary way been prevented from asserting his rights, or has raised the precise statutory claim in issue but has mistakenly done so in the wrong forum. 571 F.2d at 109 (footnote omitted).
 
 
 41
 Similarly, the allegations of the plaintiff in the case at bar do not rise to the level of active deception which might invoke the powers of equity to toll the limitations period. The notice from the EEOC advised plaintiff in unambiguous terms that his right to sue would be lost if not exercised within ninety days, and in light of this unqualified warning we cannot give force to plaintiff's assertion that he was "lulled" by the notice. If in fact plaintiff was subjectively misled to believe that he could ignore the ninety day period, such a response was not reasonably predictable from the face of the notice and cannot be grounds for tolling the filing period. Melendez v. Singer-Friden Corp., 10 Cir., 529 F.2d 321.
 
 
 42
 590 F.2d at pp. 838-839.
 
 
 43
 We believe that our opinions have been somewhat less than consistent on the question of the jurisdictional nature of compliance with the 90-day filing requirements of 2000e-5(f)(1). Thus, we hold that the 90-day filing requirement is jurisdictional, subject to potential equitable tolling only as recognized in Cottrell, supra. Applying the Cottrell test, we hold that Carlile's actions in the instant case do not merit application of the doctrine of equitable tolling.
 
 
 44
 It is uncontested that Carlile, a well educated, intelligent person, received a right to sue letter on April 5, 1978 and that she declined to act on the letter until early June, 1978, some sixty days later. During this period she was apparently working very hard as a cook and, as a result, did not pursue her right to sue.
 
 
 45
 Subsequently, on June 13, 1978, Carlile mailed the Clerk of the District Court a motion to proceed without prepayment of fees and for the appointment of counsel. The Court thereafter, on its own motion, ordered the action commenced as of June 16, 1978. In all, Carlile's own inexcusable delay in acting on her right to sue letter consumed approximately 69 days of the 90 day filing period. Under such circumstances, we are not inclined to hold that Carlile is entitled to any equitable tolling of the 90-day period. The delay between the April 5, 1978, receipt of the letter through the first week of June, 1978, must be attributed solely and completely to Carlile. She was not lulled into inaction by her past employer, state or federal agencies, or the courts. Thus, equitable tolling is an inappropriate predicate upon which to honor Carlile's complaint filed on August 24, 1978, some 141 days following her receipt of the right to sue letter.
 
 
 46
 But for the District Court's order of June 16, 1978, declaring that Carlile's case be considered commenced as of that date, we would be compelled to reverse the District Court, with instructions to dismiss the Carlile complaint as untimely filed. However, as noted, supra, on June 16, 1978, the District Court entered an order providing that "This action shall be deemed commenced upon filing of the aforesaid motion." This order was subsequently relied upon by Carlile's counsel who filed a complaint on August 24, 1978, rather than by July 5, 1978, the last day of the 90-day limitation period.
 
 
 47
 In light of Carlile's uncontested reliance on the Court's unilateral tolling of the time within which she could file a complaint, we must hold that School District's jurisdictional challenge must be rejected. In so doing we limit our holding specially to the particular facts and circumstances above related.
 
 
 48
 Carlile relied on the District Court's unsolicited order extending the time within which she could file a complaint. Inasmuch as she would suffer a considerable hardship if we were to set the order aside, we are obliged to permit the order to stand. Thompson v. Immigration and Naturalization Service, 375 U.S. 384, 84 S.Ct. 397, 11 L.Ed.2d 404 (1964); Harris Truck Lines, Inc. v. Cherry Meat Packers, Inc., 371 U.S. 215, 83 S.Ct. 283, 9 L.Ed.2d 261 (1962); Hernandez-Rivera v. Immigration and Naturalization Service, 630 F.2d 1352 (9th Cir. 1980); Martinez v. Trainor, 556 F.2d 818 (7th Cir. 1977).
 
 
 49
 The appeal is dismissed and the cause is remanded for further proceedings.
 
 APPENDIX I
 
 50
 NOTICE OF RIGHT TO SUE WITHIN 90 DAYS MAR 29 1978
 
 DSD:SP:LGC
 DJ 169-13-30
 CERTIFIED MAIL RETURN RECEIPT REQUESTED
 Ms. Nettie G. Carlile
 
 51
 c/o Red Deer Ranch
 
 Valentine, Nebraska 69201
 
 52
 Re: Nettie G. Carlile v. South Routt School
 
 District RE-3J; EEOC No. TDE6-0126
 Dear Ms. Carlile:
 
 53
 The Civil Rights Division has completely reviewed the file referred to us by the Equal Employment Opportunity Commission (EEOC) in its investigation of your charge of discrimination, and it has been determined that we will not file suit in this particular matter against the respondent. This should not be taken to mean that the Department of Justice has made a judgment as to whether or not your charge is meritorious.
 
 
 54
 You are hereby notified that conciliation on your case was unsuccessful by the EEOC. You are further notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent. If you choose to commence a civil action, such suit must be filed in the appropriate United States District Court within 90 days of your receipt of this Notice.
 
 
 55
 Therefore, you should consult an attorney of your own choosing at your earliest convenience. If you are unable to locate an attorney, you may wish to contact the EEOC, or apply to the appropriate Federal district court, since that court may appoint an attorney in appropriate circumstances.
 
 
 56
 We are returning the files in this matter to EEOC's district office. If you or your attorney have any questions concerning this matter or wish to inspect the investigative file, please feel free to contact the EEOC office handling your charge, whose address is listed below.
 
 Mr. Pedro Esquivel
 District Director
 Denver District Office
 Equal Employment Opportunity Commission
 2nd Floor, Columbine Building
 1845 Sherman Street
 Denver, Colorado 80203
 
 57
 Sincerely,
 
 DREW S. DAYS III
 Assistant Attorney General
 Civil Rights Division
 By: /s/ Squire Padgett
 SQUIRE PADGETT
 Attorney
 Employment Section
 
 
 *
 of the United States District Court for the District of Wyoming, sitting by designation
 
 
 [1]
 The entire text of this letter is set forth infra, as Appendix I
 
 
 [2]
 Carlile's attorney was not aware of this letter or its contents until July 1980 while he was engaged in preparing an appellate brief for submission herein