Jesus **GONZALEZ–ALLER BALSEYRO,**
Plaintiff-Appellant,

v.

**GTE LENKURT, INC., and General Telephone & Electronics Corporation,**
Defendants-Appellees.

No. 81–2199.

United States Court of Appeals,
Tenth Circuit.

March 21, 1983.

---

James C. Ellis and Kary L. Glass, Albuquerque, N.M., for plaintiff-appellant.

Earl R. Norris of Oldaker & Oldaker, Albuquerque, N.M., for defendants-appellees.

Before SETH, Chief Judge, and HOLLOWAY and SEYMOUR, Circuit Judges.

SEYMOUR, Circuit Judge.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R. App.P. 34(a); Tenth Cir.R. 10(e). The cause is therefore ordered submitted without oral argument.

Jesus Gonzalez-Aller Balseyro (Aller), a Spaniard, sued General Telephone & Electronics Corporation (GTE) and GTE Lenkurt (Lenkurt) under 42 U.S.C. §§ 2000e to 2000e–17 (1976) (Title VII), alleging employment discrimination on the basis of national origin. The district court dismissed the action because Aller had not filed his complaint within the time period set out in 42 U.S.C. § 2000e–5(f)(1). We reverse.

## I.

Aller filed two charges against Lenkurt with the EEOC. He received his right-to-sue letter on March 12, 1981. On May 4, he sought the assistance of the federal district court clerk in pursuing a civil suit. The clerk permitted Aller to file his right-to-sue letter, gave him the names of three attorneys, and advised him to file his complaint as soon as possible. Aller subsequently received the following letter from the court clerk, dated June 4, 1981:

"Dear Mr. Aller:

"Please be advised that your copy of the Notice of Right to Sue within 90 days, dated March 9, 1981, from the Equal Employment Opportunity Commission has been filed in this Court as of May 4, 1981.

"It is the policy of this office that *whenever the Notice of Right to Sue letter is filed in this Court the time stops until the individual involved has had an opportunity to obtain counsel.* In your instance, you should proceed to obtain counsel or file a complaint *pro se* as soon as possible. I cannot give an exact definition of what that time period should be; but, it would appear that you should be able to obtain counsel within one week."

Rec., vol. I, at 21 (emphasis added).

Aller unsuccessfully attempted to obtain counsel and returned to the clerk several times for names of additional attorneys. On June 16, 1981, ninety-six days after receipt of his right-to-sue letter, Aller again visited the clerk's office and was advised to file pro se that day. He did so, naming Lenkurt in the complaint. The next day he filed an amended complaint adding GTE as a defendant.

Lenkurt filed a motion to dismiss on the ground that Aller had failed to file his complaint within ninety days after receiving notification from the EEOC of his right to sue. GTE filed a motion to dismiss based on Aller's failure to name it in his EEOC

charge. Aller responded pro se only to Len-kurt's motion, alleging that he had relied on the clerk's extension of time. Both defendants replied in one pleading, arguing that no equitable tolling of the ninety day filing period occurred. The district court then granted "defendants' motion to dismiss." Rec., vol. I, at 28. Aller obtained counsel who filed a motion to overturn the dismissal on equitable tolling grounds. Both defendants responded, and the trial court denied the motion for reconsideration. Based on our reading of the record, we conclude that the dismissal was predicated solely on Aller's failure to timely file his complaint within ninety days.

## II.

■ A charge must be filed with the EEOC within 180 days of the alleged unlawful employment practice. 42 U.S.C. § 2000e–5(e). The Supreme Court has recently concluded that this filing period "is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 102 S.Ct. 1127, 1132, 71 L.Ed.2d 234 (1982). The related Title VII filing period at issue here provides that a plaintiff may bring a civil action within ninety days after receiving a right-to-sue letter from the EEOC. 42 U.S.C. § 2000e–5(f)(1). The Court in *Zipes* clearly indicated that its holding applies as well to this ninety-day period. *See Zipes,* 102 S.Ct. at 1135; *see also Mohasco Corp. v. Silver,* 447 U.S. 807, 811 n. 9, 100 S.Ct. 2486, 2490 n. 9, 65 L.Ed.2d 532 (1980). The Court stated that a liberal view of Title VII's provisions is a "guiding principle" of the Act's construction, *Zipes,* 102 S.Ct. at 1134, and that its holding honors "the remedial purpose of the legislation as a whole without negating the particular purpose of the filing requirement." *Id.,* 102 S.Ct. at 1135.

Our decisions prior to *Zipes* also indicated that the ninety-day period is subject to equitable tolling. *See Carlile v. South Routt School District RE 3–J,* 652 F.2d 981, 985–86 (10th Cir.1981); *Cottrell v. Newspaper*

*Agency Corp.,* 590 F.2d 836, 838–39 (10th Cir.1979); *Melendez v. Singer-Friden Corp.,* 529 F.2d 321, 324 (10th Cir.1976). Although the propriety of equitable tolling must necessarily be determined on a case-by-case basis, we have suggested that tolling may be appropriate when a plaintiff has been "lulled into inaction by [the] past employer, state or federal agencies, or the courts." *Carlile,* 652 F.2d at 986.

We conclude as a matter of law that equitable tolling is applicable to the circumstances of this case. The letter from the court clerk declared unambiguously that filing the right-to-sue letter stops the time "until the individual involved has had an opportunity to obtain counsel." Although the letter also provided the clerk's estimate that Aller should be able to find counsel within a week, we cannot agree with the district court's conclusion that Aller was thereby informed that he was *required* to file his complaint within one week, particularly in view of the preceding statement that the time stopped until counsel was obtained.

Aller's actions were undertaken in reliance on the representations of the court clerk. Such reliance by a pro se plaintiff is reasonable under these circumstances. Aller did not sleep on his rights but diligently attempted to secure the services of an attorney until advised by the clerk to file pro se. He then promptly did so. Moreover, defendants have alleged no prejudice resulting from the six-day delay in filing. Equitable tolling in this case furthers the broad remedial purposes of Title VII by avoiding the wooden application of an unnecessarily technical construction of its provisions. *See, e.g., Zipes,* 102 S.Ct. at 1134; *Havens Realty Corp. v. Coleman,* 455 U.S. 363, 102 S.Ct. 1114, 1125, 71 L.Ed.2d 214 (1982).

## III.

■ In line with the separate motion to dismiss that it filed below, GTE suggests on appeal that it should nevertheless be dismissed from the action because Aller failed to name it in the charges filed with the EEOC. Inasmuch as "parties are free to

urge alternate grounds for upholding the decision below," *see Childers v. Independent School District No. 1,* 676 F. 1338, 1342 (10th Cir.1982), we will address this contention.

Section 2000e–5(f)(1) provides that "a civil action may be brought against the respondent named in the charge." Thus, the filing of an EEOC charge naming a defendant is a condition precedent to instituting a judicial proceeding against that defendant. "However, complaints to the EEOC must be liberally construed in order to accomplish the purposes of the Act, since such complaints are written by laymen not versed either in the technicalities of pleading or jurisdictional requirements of the Act." *Romero v. Union Pacific Railroad,* 615 F.2d 1303, 1311 (10th Cir.1980). In *Romero,* we recognized that an exception to the naming requirement of 2000e–5(f)(1) may be appropriate

> "where the defendant was informally referred to in the body of the charge, or where there is sufficient identity of interest between the respondent and the defendant to satisfy the intention of Title VII that the defendant have notice of the charge and the EEOC have an opportunity to attempt conciliation."

*Id.* (citations omitted); *see also Eggleston v. Chicago Journeymen Plumbers Local Union No. 130,* 657 F.2d 890, 905–06 (7th Cir. 1981), *cert. denied,* 455 U.S. 1017, 102 S.Ct. 1710, 72 L.Ed.2d 134 (1982); *Terrell v. United States Pipe & Foundry Co.,* 644 F.2d 1112, 1123–24 (5th Cir.1981), *cert. denied,* 456 U.S. 972, 102 S.Ct. 2234, 72 L.Ed.2d 845 (1982).

In this case, Aller sent a letter to the chairman and chief executive officer of GTE detailing his alleged discriminatory treatment at Lenkurt. Rec., vol. I, at 30. The letter was referred to the GTE director of human resources, who investigated the charges and responded to them at length in a letter to Aller. *Id.* at 34–38. Moreover, the EEOC charge against Lenkurt refers to GTE and its investigation.

It is thus apparent that GTE is not entitled as a matter of law to dismissal of the action on the ground that Aller failed to formally name it in his EEOC charge. The documentary evidence cited above raises a question on this issue which should be considered by the district court on remand.

The case is reversed and remanded for further proceedings.