Michael L.F. MOTLEY

v.

The BELL TELEPHONE COMPANY OF PENNSYLVANIA.

Civ. A. No. 83–0483.

United States District Court,
E.D. Pennsylvania.

May 5, 1983.

Oscar Gaskins, Philadelphia, Pa., for plaintiff.

Stephen Ernst, Philadelphia, Pa., for defendant.

MEMORANDUM OPINION AND ORDER

WEINER, District Judge.

On January 28, 1983 plaintiff Michael L.F. Motley ("Motley") filed this action against defendant The Bell Telephone Company of Pennsylvania ("Bell") pursuant to

the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* Ninety-one days earlier, on October 29, 1983, the Equal Opportunity Commission composed a Notice of Right to Sue ("Notice") and sent it to him. He received the Notice on November 4, 1982 as evidenced by a return receipt accompanying the Notice. (Docket Entry 7, Exhibit B.) November 4, 1982 is eighty-six days prior to the filing of the complaint initiating this civil action. The defendant has moved for Judgment on the Pleadings contending that the action is barred by the applicable limitation period[1] in that the action was commenced beyond the 90 day period established by the statute if that period is triggered by the date shown on the Notice. Because this court is required to consider matters outside the pleadings, we shall treat the motion as one for summary judgment as required by Rule 12(c) of the Fed. R.Civ.P. For the reasons that follow, defendant's motion is denied. If this court determines that the 90 day period was triggered on the date the plaintiff received the Notice, then the action was timely filed within the requisite 90 day limitation period.

Courts construing the statutory time period have uniformly treated the triggering day to be the date the Notice of Right to Sue is received by the plaintiff. *See Pinkard v. Pullman-Standard, A Division of Pullman, Inc.,* 678 F.2d 1211 (5th Cir.1982); *Rice v. New England College,* 676 F.2d 9 (1st Cir.1982); *Lewis v. Conners Steel Co.,* 673 F.2d 1240 (11th Cir.1982); *Carlile v. South Routt School District, Re 3–J,* 652 F.2d 981 (10th Cir.1981); *Russell v. American Tobacco Co.,* 528 F.2d 357 (4th Cir.1975), *cert. denied* 425 U.S. 935, 96 S.Ct. 1666, 48 L.Ed.2d 176 (1976). Although these cases highlight the problems involved in determining the date of actual or constructive receipt of notice of the right to sue, the court will not, for its own convenience, reinterpret the statutory language.

It makes eminent good sense to hold that the triggering date is the date of receipt of the notice. The statute itself requires the Commission to "so notify the person aggrieved." A person cannot be "notified" until he or she has actual or constructive notice. Although the court agrees with the defendant that interpreting the statute to mean that the 90 day period is triggered by the date on the notice would make matters simpler for the courts faced with more complicated factual situations,[2] such a construction is contrary to the principle of liberally construing Title VII to achieve its remedial purpose. *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 398, 102 S.Ct. 1127, 1135, 71 L.Ed.2d 234 (1982); *Bell v. Brown,* 557 F.2d 849, 853 (D.C.Cir.1977); *Craig v. Dept. of HEW,* 581 F.2d 189, 192 (8th Cir.1978).

The court therefore finds that because the plaintiff filed his civil action within 90 days of receipt of notice of his right to sue, this action is not barred by the limitations period. Defendant is, therefore, not entitled to summary judgment.

---

1. The statute provides:
   ... If a charge filed with the Commission pursuant to subsection (b) of this section is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge ... the Commission has not filed a civil action under this section ... the Commission ... shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge (a) by the person claiming to be aggrieved....
   42 U.S.C. § 2000e–5(f)(1).

2. *See e.g. Thomas v. KATV Channel 7,* 692 F.2d 548 (8th Cir.1982), *cert. denied,* —— U.S. ——, 103 S.Ct. 1431, 75 L.Ed.2d 790 (1983) (date attorney received letter); *Archie v. Chicago Truck Drivers,* 585 F.2d 210 (7th Cir.1978) (date wife signed for letter).