999 F.2d 547
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Frank L. HOLLIER, Plaintiff-Appellant,
v.
Marvin T. RUNYON, Postmaster General of the United States,
and Frank M. Anthony, Defendants-Appellees.
 No. 92-5236.
 United States Court of Appeals, Tenth Circuit.
 July 8, 1993.
 
 Before LOGAN, MOORE and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Hollier appeals an adverse summary judgment. We exercise jurisdiction and affirm.
 
 
 3
 Mr. Hollier was appointed as a part-time flexible mail processor subject to his successful completion of a ninety-day probationary period. Mr. Hollier was terminated during this probationary period. Mr. Hollier first commenced an administrative complaint but missed a deadline and then subsequently commenced the present litigation alleging racial and age discrimination in his termination.
 
 
 4
 Defendant answered the complaint and moved for summary judgment. The essence of the evidentiary materials presented by Defendant was that Mr. Hollier failed to comply with available administrative remedies. The district court agreed.
 
 
 5
 Mr. Hollier appeals asserting: (1) there exists a genuine issue of material fact; and (2) the district court's reliance on findings of fact and conclusions of law made by the Equal Employment Opportunity Commission (EEOC) deprived him of a trial de novo.
 
 I.
 Factual Issues
 
 6
 One of the several reasons articulated by the district court in granting summary judgment was that Mr. Hollier failed to timely file his administrative complaint and therefore failed to exhaust his administrative remedies. Mr. Hollier concedes these facts but argues evidence exists showing Defendant's deception and Mr. Hollier's reliance thereon which should have tolled the limitation period.
 
 
 7
 The record on appeal reveals Mr. Hollier was terminated from his part-time position. Thereafter he received notice of an opening for a clerk-carrier. Mr. Hollier was interviewed and was told he was tentatively selected for this position subject to his successfully passing a physical examination and a driver's examination. The interviewer was totally unaware Mr. Hollier had filed an administrative complaint. Mr. Hollier failed his physical examination. In the meantime Mr. Hollier failed to timely file the necessary appeal of the administrative decision because of this job offer by the Defendant. These are the facts upon which Mr. Hollier bases his claims of fraud and deception entitling him to toll the filing period.
 
 
 8
 The facts clearly show Mr. Hollier received adequate notice of the deadline and missed it. The only question is whether the above recited facts show affirmative misconduct on the part of the Defendant, which lulled Mr. Hollier into inaction.
 
 
 9
 We view Wilkerson v. Siegfried Ins. Agency, Inc., 683 F.2d 344 (10th Cir.1982), as dispositive. There we said:
 
 
 10
 [Equitable tolling is] appropriate only if the employer had actively misled the plaintiff [or misrepresented material facts to the plaintiff] respecting the cause of action, or where the plaintiff has in some extraordinary way been prevented from asserting his or her rights.
 
 
 11
 Id. at 348. That a plaintiff is subjectively misled to believe he could ignore time limits is not sufficient where such a response is not reasonably predictable. Cottrell v. Newspaper Agency Corp., 590 F.2d 836, 839 (10th Cir.1979).
 
 
 12
 Mr. Hollier was neither misinformed nor misled about the correct time limits for filing. Mr. Hollier had clear and explicit notice of the filing deadline. Giving Mr. Hollier's factual allegations every inference, the most that can be said is Defendant conditionally offered to settle Mr. Hollier's EEOC complaint and therefore he did not timely file his appeal. Courts do not permit tolling in these circumstances. Mercado-Garcia v. Ponce Federal Bank, 979 F.2d 890, 895-96 (1st Cir.1992). Mr. Hollier has failed to make the showing required under Wilkerson to allow equitable tolling. The evidence shows Defendant was truthful and candid. Mr. Hollier's inaction was not predictable. A conditional offer, standing alone, should not be expected to lull a person into inaction. Perhaps most telling is that Mr. Hollier apparently missed the necessary filing deadline even after time began to run on the period of limitations from the date Mr. Hollier received notice he would not be hired as a letter carrier.
 
 II.
 Reliance Upon the EEOC Decision
 
 13
 Mr. Hollier asserts the trial court relied upon the factual findings of the EEOC in reaching its decision that Mr. Hollier's case was not appropriate for equitable tolling. Mr. Hollier fails to identify any specific facts and fails to show where any specific facts relied upon by the trial court were controverted.
 
 
 14
 The fact the trial court may have employed the same reasoning and legal analysis as did the EEOC is of no consequence.
 
 
 15
 The Judgment of the district court is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3