**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 19 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JOHN MACK McCOIN,

      Plaintiff-Appellant,

v.

SECRETARY OF VETERANS
AFFAIRS, Jesse Brown; JUDY
ARNOLD, Chief of Social Services,

      Defendants-Appellees.

No. 97-3136
(D.C. No. 96-4104-SAC)
(D. Kan)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRORBY, EBEL** and **KELLY**, Circuit Judges.

---

      After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore

ordered submitted without oral argument.

---

      [*] This order and judgment is not binding precedent except under the
doctrines of law of the case, *res judicata* and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Mr. McCoin is a *pro se* litigator who appeals the dismissal of his civil complaint. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm the decision of the district court.

Mr. McCoin was a social worker employed by the Department of Veterans Affairs until his retirement in March 1994. In April 1993, his supervisor counseled him regarding his involvement with a publication known as the Adult Residential Care Journal. Mr. McCoin was the editor and publisher. In the counseling letter, Mr. McCoin was told he could not use government property to conduct private business or conduct private business on the Department of Veterans Affairs time. Mr. McCoin also received verbal counseling on May 26, 1993, and a second letter of counseling dated May 28, 1993, which concerned Mr. McCoin's conduct at a meeting. Mr. McCoin felt these counselings were an attempt to "get rid of [him] because of [his] age."

On May 28, 1993, Mr. McCoin contacted an Equal Employment Opportunity Agency ("Agency") counselor raising this complaint. In July 1993, Mr. McCoin filed a formal administrative complaint with the Agency alleging sex, age, handicap, and reprisal discrimination. The Agency investigated this complaint and on June 8, 1994, found the evidence did not substantiate Mr.

McCoin's allegations of discriminations. Mr. McCoin's attorney received notice of the final Agency decision on June 10, 1994.

Mr. McCoin did not appeal the decision until December 23, 1994, more than six months after the Agency's final decision. Mr. McCoin filed the complaint initiating this action on June 6, 1996, in the United States District Court for the District of Kansas. In his complaint, Mr. McCoin alleged sex, age, race, and handicap discrimination. The district court dismissed the lawsuit determining it lacked subject matter jurisdiction because the action was not timely filed. We review *de novo* the district court's dismissal for lack of subject matter jurisdiction. *Painter v. Shalala*, 97 F.3d 1351, 1355 (10th Cir. 1996).

Mr. McCoin appeals asserting the district court "denied relevant evidence that the appeal was timely and, therefore, ... [violated] ... my civil rights." Mr. McCoin supports this allegation by asserting the "District Court did not consider the fact that Defendant Arnold et al. violated my civil rights by incorrectly claiming that Defendant Arnold was [my] supervisor," and "Defendant Arnold verbally harassed [me] between late May 1993 and up until nearly the time of [my] retirement in April 1994." He further argues, "[i]t is my impression that there is no statute of limitations in age discrimination cases."

Mr. McCoin's appeal lacks legal merit. The record on appeal is clear and undisputed. The final agency decision on Mr. McCoin's administrative complaint was issued June 8, 1994. Mr. McCoin's attorney received the final agency decision June 10, 1994. Mr. McCoin had thirty days from June 10, 1994, to appeal the Agency decision to the Equal Employment Opportunity Commission or, alternatively, ninety days from June 10, 1994, to file an action in federal district court.[1] *See* 29 C.F.R. §§ 1614.402, 1614.408(a). Due to Mr. McCoin's failure to timely exhaust his administrative remedies or file suit, the district court lacked jurisdiction to hear this matter and the district court properly dismissed this matter.

Mr. McCoin asks this court to excuse his untimely filing as his attorney failed to notify him promptly of the final agency decision. We are unable to grant this relief. The Supreme Court has instructed that when notice is delivered to the office of the claimant's formally designated attorney, the claimant has received notice and is bound thereby. *See Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 92-93 (1990); *see also* 29 C.F.R. § 1614.402(c).

---

[1] In response to Mr. McCoin's claim a statute of limitations does not apply in age discrimination cases, this court has ruled the time limitations in Title VII cases apply to age discrimination actions. *See Jones v. Runyon*, 32 F.3d 1454, 1456, 1458 (10th Cir. 1994).

Mr. McCoin asks us to ignore the jurisdiction requirements of Title VII and the Age Discrimination in Employment Act for equitable reasons. Our law prohibits this as well unless the circumstances of the case "'rise to the level of active deception.'" *See Biester v. Midwest Health Servs., Inc.*, 77 F.3d 1264, 1267 (10th Cir. 1996) (quoting *Cottrell v. Newspaper Agency Corp.*, 590 F.2d 836, 838-39 (10th Cir. 1979)). No such facts have been alleged in this case.

The district court did not have subject matter jurisdiction over Mr. McCoin's lawsuit and had no alternative except to dismiss the lawsuit.

The decision of the district court is **AFFIRMED** for substantially the same reasons set forth by the district court in its order, a copy being attached hereto.

The mandate shall issue forthwith.

**Entered for the Court**

**WADE BRORBY**
United States Circuit Judge