Rosalie M. CACCHIONE

v.

**ERIE TECHNOLOGICAL PRODUCTS, INC.**

**Civ. A. No. 80–220 Erie.**

United States District Court, W. D. Pennsylvania.

Nov. 23, 1981.

Irving Murphy, Erie, Pa., for defendant.

Gene P. Placidi, Erie, Pa., for plaintiff.

### MEMORANDUM OPINION

WEBER, Chief Judge.

This action involves a claim of unlawful sex discrimination, alleging causes of action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., and the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 206–216, and specifically the Equal Pay Act, 29 U.S.C. § 206(d).

Plaintiff was an employee of defendant and was promoted to the position of Timekeeping Supervisor in July of 1973. She remained in that position until she and several other employees were laid off on March 31, 1978. This lawsuit was filed on December 29, 1980 alleging several specific instances of discrimination. First, plaintiff claims that during her employment as Timekeeping Supervisor, she did not receive wages and benefits equal to those received by the male employee who held that position before her promotion. She also claims that at the time of her layoff she did not receive the same severance pay as male employees. Further, plaintiff alleges that she did not receive the same sick benefits that males receive when she was hospitalized in 1975. And finally, she claims that although she had more seniority than other male employees, she was laid off while the men were retained.

Defendant has moved for partial summary judgment on the ground that these claims are barred by applicable statutes of limitation. They allege that the Title VII causes of action are barred for failure to meet the jurisdictional prerequisite of perfecting a charge with the EEOC within 180 days of the last alleged act of unlawful discrimination. They allege that plaintiff's causes of action under the Fair Labor Standards Act, or Equal Pay Act, are barred by the applicable two year statute of limitations. Finally, the defendant states that if

they could be found to have committed a "willful" violation of the Equal Pay Act, then plaintiff is barred from asserting any claims arising more than three years prior to this suit.

The first issue for consideration is whether plaintiff is barred under Title VII because she failed to timely file a complaint with the EEOC. In order to maintain a private Title VII civil rights action, a plaintiff must first have satisfied the jurisdictional prerequisite of filing an action with the EEOC within 180 days of the alleged act of discrimination. *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 47, 94 S.Ct. 1011, 1019, 39 L.Ed.2d 147 (1974). If the prerequisite is not met, then a Title VII action in the district court is barred. Whether or not an EEOC charge is timely filed is determined by the date on which the charge is received by the Commission. 29 CFR § 1601–13(a).

Plaintiff alleges the following facts. After she was laid off as of March 31, 1978, she first consulted an attorney about possible charges of discrimination on or about May 9, 1978. She alleges that on June 13, 1978, she again visited her attorney and signed charges of discrimination on the approved form by the EEOC, Form 5. A copy of this Form was attached to the complaint in this action and although plaintiff's signature does appear, it was not dated. Plaintiff then alleges that this form was sent by mail to the EEOC. An affidavit by Jay Brian Scheigg, Esq., the plaintiff's attorney at that time, states that in the normal course of business, the charge would have been mailed the next day.

Defendant does not dispute that something was sent to the EEOC at this time, but they allege that the form of complaint was not. They point to a letter from Kathy L. Kolarich, an intake officer for the EEOC, dated June 20, 1978. This letter acknowledges receipt of an "inquiry concerning filing a complaint", and requests that plaintiff set up a personal interview with the EEOC. It appears from the affidavit of Bruce Bagen, a Supervisor of Compliance for the EEOC, that when a charge of discrimina-

tion is received it should be issued a number, and further treated as a complaint. No number is assigned when the communication received is merely an inquiry. Defendant thus claims that the June 20, 1978 letter of Kathy Kolarich establishes that the communication received at that time was merely an inquiry and not a proper charge of discrimination.

Plaintiff alleges that if it was treated as an inquiry, the EEOC had handled this communication improperly. Between June of 1978 and February of 1980, plaintiff alleges that several inquiries were made by telephone and by letter as to the status of plaintiff's case. The EEOC never responded to these communications. Then on February 20, 1980, Attorney Scheigg again wrote the EEOC. In response to this letter, plaintiff received a letter, dated March 13, 1980, indicating that they had received her charge of discrimination and assigned it charge number 034–800718. Then on March 13, 1980, the EEOC sent a charge transmittal, EEOC Form 212–A, to the Pennsylvania Human Relations Commission which recites that a charge of employment discrimination, charge number 034–800718, was initially received by the EEOC on June 20, 1978.

In view of this internal EEOC document acknowledging receipt of plaintiff's charge of discrimination on June 20, 1978, we feel that this is conclusive evidence that the plaintiff filed a timely claim with the EEOC.

Despite this EEOC acknowledgement of receipt of plaintiff's charge on June 20, 1978, it was dismissed on September 30, 1980, for being untimely filed. From the record in this case, we feel that this was simply another result of the confusion that appears to have followed this case from its inception.

Subsequent to the March 13, 1980 charge transmittal form, plaintiff had made several telephone conversations with the EEOC regarding her charge. For some reason, which has not been explained by any party, plaintiff was requested to file new charges

with the EEOC. Two new charges were filed on April 18, 1980, and July 28, 1980 respectively. Both of these subsequent charges were given the charge number 034–800718. Both of these subsequent charges were filed beyond the expiration of the 180 day time limitations. Then, on September 30, 1980 the EEOC sent plaintiff a letter dismissing charge number 034–800718 for being untimely filed, together with a Notice of Right to Sue. The letter of dismissal only makes mention of the charge number, but gives no indication whether it refers to all three of the specific charges filed on different dates or only one of them.

In light of the obvious confusion surrounding the handling of plaintiff's case by the EEOC we find that plaintiff should not be barred from her Title VII action for failure to file a timely charge with the EEOC. As we earlier found, the March 13, 1980 transmittal form which states that the EEOC received plaintiff's charge on June 30, 1978 is a dispositive statement. If this is true, the subsequent dismissal by the EEOC for failure to timely file was improper.

■ Even if the March 13, 1980 transmittal form were not dispositive as to the date of filing, we feel that the facts of this case show that the handling of plaintiff's charge represents, at the very least, bureaucratic confusion. Plaintiffs are not to be barred from a Title VII action due to possible error, neglect, or mishandling or a charge by the EEOC. Courts are to interpret the requirements for maintenance of a Title VII action in a non-technical fashion so as not to bar an individual's access to the court by procedural technicalities. *Ostapowicz v. Johnson Barge Co.,* 541 F.2d 394, 398 (3d Cir. 1976); *McAdams v. Thermal Industries, Inc.,* 428 F.Supp. 156, 161 (W.D.Pa.1977).

■ Defendant contends that the liberality of interpretation should not apply in this case because the plaintiff was represented by counsel at the time. But the facts show that plaintiff and her attorney made several communications regarding this matter, but the confusion continued on the part of both parties. The conflicts in dates in the EEOC documents themselves show that the plaintiff could not have been the only mistaken party here. Furthermore, the facts indicate that plaintiff did make efforts through the EEOC to pursue her case from an early date. She did not sit on her rights and then belatedly file charges. Under these circumstances, we find that plaintiff's Title VII claim is not barred for failure to file a timely charge with the EEOC, and summary judgment on this issue will be denied.

■ In her complaint, plaintiff has also claimed violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 206–216, specifically the Federal Equal Pay Act, 29 U.S.C. § 206(d). The statute of limitations applicable to these claims is found at 29 U.S.C. § 255(a). This provides that all actions must be commenced "within two years after the cause of action accrued .... except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." Defendant moves for partial summary judgment as to these FLSA claims as barred by this statute of limitations.

If the violation is not a willful one, then the two year statute applies and plaintiff's cause of action is barred. But whether or not there has been a willful violation of the FLSA is a question of fact to be determined from the evidence. Therefore, the court cannot proceed summarily on this issue.

■ The defendant also contends that even if the three year statute of limitations on the FLSA claim applies, plaintiff is barred from recovery for claims that accrued prior to December 29, 1977, the three year period prior to the filing of her complaint. The applicable statute of limitations does act as a limitations on damages and plaintiff can only recover the claims that accrued during the three years prior to the filing of this suit. *Hodgson v. Behrens Drug Co.,* 475 F.2d 1041, 1050 (5th Cir. 1973), cert. denied, 414 U.S. 822 (1973); *Cap v. Lehigh University,* 433 F.Supp. 1275, 1283 (E.D.Pa.1977). Therefore, if the court finds at trial that there was a willful viola-

tion of the Equal Pay Act, plaintiff's recovery is limited to violations occurring subsequent to December 29, 1977. Under either statute of limitations, however, plaintiff's Equal Pay Act claim alleging inequality of treatment regarding sick benefits in 1975 is time-barred.

Finally, defendant's motion for partial summary judgment contains a claim that this case should be barred by the doctrine of laches. They allege that the last act of discrimination occurred in March of 1978 and that plaintiff took no administrative or legal action until April of 1980. Laches is an improper defense to be raised in a motion for summary judgment since it necessarily involves question of fact. Furthermore, the facts of this case clearly belie this contention and summary judgment on this ground will be denied.

Therefore, defendant's motion for partial summary judgment is denied, except that all FLSA causes of action arising prior to December 29, 1977 are time-barred, specifically plaintiff's claim for unequal sick leave benefits in 1975. The case will proceed in accordance with the foregoing, pursuant to Fed.R.Civ.P. 56(d).