M. Naji **ALJADIR**

v.

**UNIVERSITY OF PENNSYLVANIA.**

**Civ. A. No. 82–3107.**

United States District Court,
E. D. Pennsylvania.

Sept. 17, 1982.

M. Naji Aljadir, pro se.

D. Richard Powell, Jr., Philadelphia, for defendant.

## MEMORANDUM OPINION

WEINER, District Judge.

Plaintiff filed a pro se complaint on July 20, 1982 under Title VII of the Civil Rights Act of 1964 alleging that the defendant discriminated against him on the basis of his national origin. Presently before the court is a motion by the defendant to dismiss on the ground that the plaintiff failed to file the complaint within ninety days after receiving an Equal Employment Opportunity Commission ("EEOC") "Notice of Right to Sue" letter as required by 42 U.S.C. § 2000e–5(f)(1). For the reasons which follow the motion to dismiss is granted.

We must extend a broad overview to the subject matter of the plaintiff's complaint because of its pro se format. *U.S. ex rel. Gittlemacker v. County of Philadelphia,* 413 F.2d 84 (3d Cir. 1969).

Plaintiff is a native of Iraq who was enrolled at the University of Pennsylvania as a candidate for a graduate degree from the defendant's Department of Physics. On or about January 8, 1981, plaintiff applied for an advertised position on the faculty of the defendant's Physics Department. Plaintiff alleges that he was not considered for the opening and that the candidate selected by the defendant was less qualified and was selected because he was of North American origin. Plaintiff filed a complaint with the EEOC which, on March 31, 1982, issued a determination that it had found no probable cause to believe that a violation of Title VII had been committed by the defendant. Enclosed with the EEOC determination was a "Notice of Right to Sue" letter which stated in bold type that the plaintiff's right to sue would be lost if not initiated within ninety days of receipt of the letter. On April 20, 1982, plaintiff received the Notice, as evidenced by his signature on the U. S. Post Office's return receipt card. Plaintiff brought this action on July 20, 1982, ninety-one days after receiving the EEOC letter. In a responsive pleading filed September 13, 1982, plaintiff argues that defendant's motion to dismiss should not be granted on the ground that the plaintiff's delay in filing the complaint resulted from incorrect advice given to the plaintiff by the Clerk's Office of the District Court for the Eastern District of Pennsylvania.

The question this court must consider is whether the ninety day period of limitations should be tolled as a matter of law.

"The basic question to be answered in determining whether, under a given set of facts, a statute of limitations is to be tolled, is one 'of legislative intent whether the right shall be enforceable ... after the prescribed time'." *Burnett v. New York Central R. Co.,* 380 U.S. 424, 426, 85 S.Ct. 1050, 1053, 13 L.Ed.2d 941 (1964).

Section 706(f)(1) of Title VII, 42 U.S.C. § 2000e–5(f)(1), provides in pertinent part that:

"If a charge filed with the Commission ... is dismissed by the Commission ... the Commission ... shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge ... by the person claiming to be aggrieved...."

All of the Courts of Appeals, which have ruled on this issue, have held that the com-

mencement of suit within ninety days of receiving proper § 706(f)(1) notice is a jurisdictional requirement which is not subject to judicial expansion. *Carlile v. South Routt School District Re 3–J,* 652 F.2d 981, 984 (10th Cir. 1981); *Crawford v. Western Electric Company, Inc.,* 614 F.2d 1300, 1307 (5th Cir. 1980); *Trabucco v. Delta Airlines,* 590 F.2d 315, 316 (6th Cir. 1979); *Archie v. Chicago Truck Drivers, etc.,* 585 F.2d 210, 215–16 (7th Cir. 1978); *Melendez v. Singer-Friden Corp.,* 529 F.2d 321, 324 (10th Cir. 1976); *Collins v. United Air Lines, Inc.,* 514 F.2d 594, 596 (9th Cir. 1975); *DeMatteis v. Eastern Kodak,* 511 F.2d 306, 309 (2nd Cir. 1975). Statutory time limitations for filing suit "... are established to cut off rights, justifiable or not, that might otherwise be asserted and they must be strictly adhered to by the judiciary. [citation omitted]. Remedies for resulting inequities are to be provided by Congress, not the courts." *Kavanagh v. Noble,* 332 U.S. 535, 539, 68 S.Ct. 235, 237, 92 L.Ed. 150 (1947). However, equitable consideration may compel a tolling of the statutory period in appropriate circumstances. *Electrical Workers v. Robbins & Myers, Inc.,* 429 U.S. 229, 97 S.Ct. 441, 50 L.Ed.2d 427 (1976); *Dartt v. Shell Oil,* 539 F.2d 1256 (10th Cir. 1976), *aff'd per curiam* (by an equally divided court), 434 U.S. 99, 98 S.Ct. 600, 54 L.Ed.2d 270 (1977); *Reeb v. Economic Opportunity Atlanta, Inc.,* 516 F.2d 924 (5th Cir. 1975).

A court may toll a statute of limitations where there is fraudulent concealment of a federally-created cause of action. *Holmberg v. Armbrecht,* 327 U.S. 392, 396, 66 S.Ct. 582, 584, 90 L.Ed. 743 (1946); *Katz v. Amos Treat & Co.,* 411 F.2d 1046 (2nd Cir. 1969). Plaintiffs must clearly allege the fraudulent concealment in their complaint to be entitled to the invocation of the tolling doctrine by the court. *Freedman v. Beneficial Corp.,* 406 F.Supp. 917, 925 (D.Del.1975); *Dyer v. Eastern Trust and Banking Company,* 336 F.Supp. 890, 902 (N.D.Me.1971). Equitable tolling may also be invoked where extraordinary circumstances have prevented the aggrieved party from asserting his rights, *Burnett v. New York Central R. Co.,* 380 U.S. 424, 428–29, 85 S.Ct. 1050, 1054–1055, 13 L.Ed.2d 941 (1965), where an individual has relied to his detriment on an interpretation of a statute which has subsequently been judicially overruled or substantially redefined, *Chevron Oil Co. v. Huson,* 404 U.S. 97, 106–07, 92 S.Ct. 349, 355–356, 30 L.Ed.2d 296 (1971).

In *Electrical Workers v. Robbins & Myers, Inc.,* the Supreme Court held that the period for bringing suit under Title VII is not tolled by the pendency of arbitration proceedings. The plaintiff argued that the statute should be tolled where "delays occasioned by the grievance-arbitration process would be 'slight' ..." *Id.* 429 U.S. at 239, 97 S.Ct. at 448. In rejecting this argument, the court stated that, "Congress has already spoken with respect to what it considers acceptable delay when it established a 90 day limitations period... Congress did not leave to courts the decision as to which delays might or might not be 'slight.'" *Id.* at 239–40, 97 S.Ct. at 448–449. The court implied, though, that tolling might be appropriate where the defendant has actively misled the plaintiff respecting the cause of action, or where the plaintiff has in some extraordinary way been prevented from asserting his rights, or has raised the precise statutory claim in issue but has mistakenly done so in the wrong forum. *Id.* at 237 n. 10, 238, 97 S.Ct. at 447 n. 10, 448.

*Electrical Workers* was subsequently relied on in *Smith v. American President Lines, Ltd.,* 571 F.2d 102 (2d Cir. 1978) and *Cottrell v. Newspaper Agency Corp.,* 590 F.2d 836 (10th Cir. 1979). In *Smith* the plaintiff argued that the statutory period should have been tolled where his employer failed to post statutorily required notices advising employees of their rights under Title VII. The Second Circuit rejected this argument and noted that, "[t]he decision in *Electrical Workers* strongly suggests that, even assuming the Title VII time limits are not strictly jurisdictional, the tolling of those limits may be very restricted." 571 F.2d at 109. In *Cottrell* plaintiff contended that his action should not be barred by failure to file within the ninety day period on grounds that effective notice from the EEOC was not received until a final state determination was delivered to the plain-

tiff. In holding against the plaintiff, the Tenth Circuit stated that, "the notice from the EEOC advised plaintiff in unambiguous terms that his right to sue would be lost if not exercised within ninety days, and in light of this unqualified warning we cannot give force to plaintiff's assertion that he was 'tolled' by the notice." 590 F.2d at 839.

■ Even assuming that tolling is permissible as suggested in *Electrical Workers,* and as held in *Dartt* and *Reeb, supra,* the circumstances of the case at bar do not merit the tolling of the Title VII limitations period. It is uncontested that plaintiff received a right to sue letter on April 20, 1982 and that he declined to act on the letter until ninety-one days later. Plaintiff alleges that he failed to file his claim within the ninety day period as a result of incorrect information given to him by the Clerk's Office on the ninetieth day. This allegation does not amount to active deception by the defendant or extraordinary circumstances necessitating the plaintiff's delay in filing. Even by plaintiff's own admission, during the period from April 20, 1982 to July 19, 1982 he made no effort to file the complaint. Consequently, where the court has not been apprised of any equitable considerations which would prompt a tolling of the Title VII time limitations, defendant's motion to dismiss is granted.