K. Killings BEY and Thomas E. Christian, Jr., Plaintiffs,

v.

SCHNEIDER SHEET METAL, INC., Defendant.

Civ. A. No. 84–872.

United States District Court, W.D. Pennsylvania.

Oct. 23, 1984.

John Meyer, Pittsburgh, Pa., for plaintiffs.

William Getty, Pittsburgh, Pa., for defendant.

## OPINION

WEBER, District Judge.

This matter is before the court on defendant's motion for summary judgment.

This is a complaint alleging race discrimination in employment by defendant based on 42 U.S.C. 1981 and Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e. Plaintiffs are black males who were employed by defendant pursuant to an agreement between the Sheet Metal Workers' Local Union No. 12, and SMAC-NA of Western Pennsylvania, of which the defendant is a member. In November 1982, plaintiffs were laid off due to "lack of work". After their layoff, plaintiffs were assured by certain of the defendant's employees that they would be called back when work became available.

On or about July 20, 1983, one or both plaintiffs contacted defendant's field supervisor, Ed McCafferty, and were told that no alternate work was then available.

Shortly thereafter, plaintiffs learned that alternative work had become available and that white employees, members of Local 12, had been assigned to perform that work.

On December 14, 1983, plaintiffs filed charges with the Equal Employment Opportunity Commission (EEOC) alleging that they were laid off by defendant on July 20, 1983, and alleging *inter alia* that race was the only factor in defendant's treatment of them. By letter dated December 15, 1983, plaintiffs· requested that the EEOC issue Notices of Right To Sue. On December 21, 1983, the EEOC forwarded a copy of each of plaintiffs' charges to the Pennsylvania Human Relations Commission (PHRC) along with a Charge Transmittal Form 212–A. This form was subsequently stamped with the signature of Neil Sullivan, Assistant to the Director of Compliance of the PHRC, and returned by the PHRC to the EEOC and received by them January 3, 1984. On January 11, 1984, twenty-seven days after initial receipt of the charges, the EEOC issued Notices of Right to Sue to the plaintiffs. On April 19, 1984, plaintiffs filed their complaint in this court alleging discrimination.

Defendant's motion for summary judgment is supported by affidavits of Ed McCafferty, Supervisor of Schneider Sheet Metal, Eugene Reid, Supervising EEOC Opportunity Specialist in Pittsburgh, and Neil Sullivan, Director of Compliance of the PHRC. Plaintiffs oppose the motion supported by the individual affidavit of each plaintiff and briefs.

Defendant argues that the motion should be granted for the following reasons: (a) Plaintiffs failed to file timely charges with . either the EEOC or the PHRC; (b) The EEOC failed to defer to the PHRC; (c) The EEOC failed to investigate and conciliate prior to issuance of a Notice of Right to Sue; and (d) Plaintiffs failed to plead specific facts to set forth a Section 1981 cause of action and failed to allege intent to discriminate.

## A. FAILURE TO FILE TIMELY CHARGES.

 Defendant points out that although plaintiffs allege in their complaint that they were laid off on July 20, 1983, it is clearly established by the affidavit of Ed McCafferty, the defendant's field supervisor, that they were actually laid off on November 16, 1982, and November 30, 1982 respectively, and therefore their charges filed with the EEOC on December 14, 1983 were time barred. The affidavits of plaintiffs Bey and Christian support defendant's assertion as to ᴊhe date of lay-off which was not clearly set forth in either the complaint or the EEOC filing. Though the court takes note of this discrepancy in plaintiffs' pleadings it does not find it to be fatal to plaintiffs' claims to have filed timely charges under Title VII. Plaintiffs' "EEOC charges should be liberally construed since they are prepared by laymen, generally without the assistance of counsel." *Wetzel v. Liberty Mutual Ins. Co.,* 511 F.2d 199, 202 (3d Cir.1975); *Love v. Pullman,* 404 U.S. 522, 527, 92 S.Ct. 616, 619, 30 L.Ed.2d 679 (1972). Furthermore, Rule 15(a) states that leave to amend the complaint should be freely given when justice so requires. Here, the necessary changes would be slight, correcting details of the original factual basis for plaintiffs' cause of action. Defendant has received sufficient notice of the claim of discriminatory recall and would not be prejudiced by such an amendment. Therefore plaintiffs will be given leave to amend their complaint to correctly state the facts on which their cause of action lies. Such amendment would facilitate a proper decision on the merits. *See, Conley v. Gibson,* 355 U.S. 41, 48, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957). Having decided that such amendment is proper we must next determine whether on these facts plaintiffs had made the timely filing necessary for a Title VII claim.

Under Section 706(e) the time for filing runs from the time "the alleged unlawful employment practice occurred ..." 42 U.S.C. 2000e–5(e). If, as plaintiffs have alleged in their brief, defendant, subsequent to a general layoff, classified former

employees in such a way as to deprive blacks of employment opportunities solely because of their race, then the time for filing does not run until the last date that such unlawful practices occurred. It is not the layoff itself of which plaintiffs complain but the selective discrimination against blacks in the recall process. *See, McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).

Plaintiffs do not state the dates on which such discriminatory practices occurred but rather urged the court to adopt the "apparency test" adopted in two Fifth Circuit cases. *Reeb v. Economic Opportunity Atlanta, Inc.,* 516 F.2d 924 (5th Cir.1975), and *Tucker v. United Parcel Service,* 657 F.2d 724 (5th Cir.1981). In *Reeb,* the Court of Appeals held that the time for filing charges of employment discrimination with the EEOC did not begin to run until facts that would support a charge of discrimination were apparent or should have been apparent to a person with reasonably prudent regard for his rights similarly situated to the plaintiff. The facts there showed that Mrs. Reeb was notified on September 24, 1969 that her employment would be terminated due to "limitation of funds", (p. 926), but learned on April 21, 1970 that her former position had been refilled on November 10, 1969 by an allegedly less qualified male. She immediately filed charges with the EEOC. The filing was timely.

We must view the facts in the light most favorable to the plaintiffs as the non-moving parties in this summary judgment action. Plaintiffs aver that they were laid off due to "lack of funds", and that as late as July 20, 1983, defendant's field supervisor told plaintiffs that no alternate work was available and that they would be recalled when openings became available. Shortly thereafter plaintiffs learned that alternate work had become available and that white employees had been recalled. On December 14, 1984, plaintiffs filed charges with the EEOC.

The doctrine of equitable tolling has been accepted by many courts. *See, Hart v.* *Baker Chemical Co.,* 598 F.2d 829 (3rd Cir.1979), (Title VII time limitation subject to equitable modification); *Aljadir v. University of Pennsylvania,* 547 F.Supp. 667 (E.D.Pa.1982). Plaintiffs allege that defendant deceived them through misleading statements or concealment thereby preventing them from discovering the discrimination. Defendant is not prejudiced by the delay. These are factors that warrant application of the equitable tolling doctrine.

 On July 20, 1983, or shortly thereafter, when plaintiffs learned of others being recalled, facts that would support a charge of discrimination should have been apparent. The plaintiffs' charges were initially filed with the EEOC on December 14, 1983, and were referred back to the EEOC by the Pennsylvania Human Relations Commission on January 3, 1984. Although this filing was not within the ninety day statute of limitations required by the Pennsylvania Human Relations Act, 43 Pa.Stat. Ann. § 959(g) (1984 Supp.), plaintiffs "federal statutory rights [cannot] be foreclosed by ... failure to file within the significantly shorter state limitation period." (cites omitted). *Vuksta v. Bethlehem Steel Corp.,* 540 F.Supp. 1276, 1279, fn. 9, (E.D. Pa.1982), *aff'd* 707 F.2d 1405 (3rd Cir.1983). Therefore since the charges were filed within the 180 day federal limitations period, they are timely for VII purposes.

### B. EEOC'S FAILURE TO DEFER TO THE STATE AGENCY.

Defendant next complains that the EEOC failed to defer to the PHRC and that this court lacks subject matter jurisdiction as a result. Defendant supports this argument by attacking the Worksharing Agreement between the EEOC and the PHRC, claiming that under paragraph III(b) of the Worksharing Agreement the PHRC has waived the rights granted to it under Section 706(c) of Title VII to have an exclusive opportunity for 60 days to resolve Title VII charges originally filed with the EEOC.

 We do not believe that the validity of the Worksharing Agreement is properly

at issue in this case. Even if there were no Worksharing Agreement we assume that the PHRC would have disposed of plaintiffs' charges in a perfunctory manner since the 90 day state statute of limitations had passed prior to the time that the PHRC had received the plaintiffs' charges. However, regardless of the reasons behind the PHRC's perfunctory handling and return of plaintiffs' charges, we find that the EEOC did technically defer to the state agency. The principal concern of Section 2000e–5(c) is that the state and local agencies not be deprived of their power to act by the federal government. Thus, "[v]irtually anything that the state agency does of its own initiative in order to be rid of a case may be sufficient to pass jurisdiction on to the EEOC via Section 2000e–5(c) as long as the state agency had an *opportunity* for some period, however brief, to dispose of the matter." *Lombardi v. Margolis Wine and Spirits, Inc.*, 465 F.Supp. 99, 101 (E.D.Pa.1979). *See also, Bell v. Wyeth Laboratories, Inc.*, 448 F.Supp. 133, 135 (E.D.Pa.1978). "Title VII does not prohibit states from waiving the procedure for resort to state remedies." *Douglas v. Red Carpet Corp. of America*, 538 F.Supp. 1135, 1139 (E.D.Pa.1982) (assuming validity of a technical deferral under the Worksharing Agreement).

*Albano v. General Adjustment Bureau*, 478 F.Supp. 1209 (S.D.N.Y.1979), cited by defendant, is not applicable to the facts here. There the court found that plaintiff's refusal to file a complaint with the state agency and his refusal to cooperate with it led the state agency to believe that it was without jurisdiction. (p. 1215). The court assumed that a technical deferral such as made here would have been sufficient to meet the statutory requirements of deferral by the EEOC. (p. 1214).

## C. SUBJECT MATTER JURISDICTION

█ Defendant claims that this court lacks subject matter jurisdiction because the EEOC in accordance with plaintiffs' request failed to investigate and conciliate plaintiffs' charges for 180 days prior to the issuance of a Notice of Right to Sue. De-

fendant supports this argument with the wording of Section 2000e–5(f)(1) and a reference in *Moteles v. University of Pennsylvania*, 730 F.2d 913 (3rd Cir.1984) to *Spencer v. Banco Real, S.A.*, 87 F.R.D. 739 (S.D.N.Y.1980), as well as selected portions of a section-by-section analysis of the bill presented to the Senate with the Conference Report. (Defendant's brief at pp. 19, 20). Defendant provides us with no actual authority for the legal proposition that it asks us to adopt.

We are inclined instead to agree with the court in *Commonwealth of Pennsylvania v. Local Union 542, International Union of Operating Engineers*, 469 F.Supp. 329, 339, 395 (E.D.Pa.1978). There the court adopted the position that the Commission's failure to attempt conciliation is not a jurisdictional bar to an individual's action on his own behalf, since the individual cannot be charged with the Commission's failure to execute its statutory duties. *See also, Patterson v. American Tobacco Co.*, 535 F.2d 257 (4th Cir.1976). "Plaintiffs are not to be barred from Title VII action due to possible error [or] neglect ... by EEOC ...". *Cacchione v. Erie Technological Products, Inc.*, 526 F.Supp. 272 (W.D.Pa.1971). Other courts have also adopted this position. *See Bryant v. California Brewer's Assoc.*, 585 F.2d 421, 425 (9th Cir.1978); *Saulsbury v. Wismer & Becker, Inc.*, 644 F.2d 1251, 1257 (9th Cir.1980); *Milner v. National School of Health and Technology*, 409 F.Supp. 1389, 1392 (E.D.Pa.1976). We believe that the purpose of the 180 day period is to protect the individual from extended administrative proceedings or bureaucratic backlogs preventing legitimate actions, and not to establish a strict jurisdictional requirement. We, therefore, do not find that the EEOC's issuance of a Right to Sue Letter 27 days after initial receipt of the charges at plaintiffs' request, deprives this court of subject matter jurisdiction.

## D. FAILURE TO SPECIFICALLY PLEAD A SECTION 1981 CAUSE OF ACTION.

█ Defendant complains that plaintiffs have failed to plead specifically the facts on

which plaintiffs base their 42 U.S.C. 1981 cause of action. Defendant's counsel, like many similarly situated, pumps too much air into the judicial requirement that civil rights actions should be pleaded with particularity. The result of such generalized statements has been to flood the district courts with garbage-can complaints with their appended scraps of newspaper clippings, magazine articles, correspondence, and an unbelievable variety of other unnecessary and irrelevant matters. Fed.R. Civ.P. 8 is still the rule of federal procedure and a civil rights complaint, like any other complaint, should not violate it. While many civil rights complaints were poorly drafted in that they did not tell when, where and how the paths of plaintiff and defendant crossed, and were thus deemed insufficient, the present amended complaint is not. The plaintiffs' complaint as a whole, including its exhibits, has identified the alleged discriminatory activity, the time, the place and the actors. This is sufficient although we would prefer that these specifics be contained in the body of the complaint, along with an express allegation of intent to discriminate. Since we have allowed leave to amend in other respects, the complaint may be further improved by such an amendment. Accordingly, defendant's Motion for Summary Judgment is denied.