**Anna M. CONNOR, Plaintiff,**

v.

**WTI, a division of TIC United Corp., Defendant.**

**No. Civ.A. G–99–224.**

United States District Court, S.D. Texas, Galveston Division.

Oct. 1, 1999.

Ted C. Litton, Royston Rayzor Vickery and Williams, Houston, TX, for Ted Litton, mediator.

David P. Salyer, McLeod Alexander Powel and Apffel, Galveston, TX, for Anna M. Connor, plaintiff.

### ORDER DENYING MOTION TO DISMISS

KENT, District Judge.

Plaintiff Connor brings this action against her former employer, WTI, alleging sexual discrimination and unlawful retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq.*, and the Civil Rights Act of 1991, as well as civil battery and malice claims under Texas state law. Now before the Court is Defendant's Motion to Dismiss for Failure to State a Claim, filed August 5, 1999. For the reasons stated below, Defendant's Motion to Dismiss is **DENIED.**

### I. FACTUAL SUMMARY

On August 1, 1997, Plaintiff Connor, a female, began working for Defendant WTI as a secretary at Defendant's Galveston facility, under the supervision of the Terminal Manager, Leonard Miller, Jr. Plaintiff alleges that soon thereafter Miller started to verbally and physically harass her because of her sex, whereupon Plaintiff protested to Miller. Plaintiff asserts that her objections did not dissuade Miller from continuing the harassment; in fact, according to Plaintiff, Miller actually increased the level of harassment, in retaliation for her entreaties to end the workplace discrimination. In her pleadings, Plaintiff also speculates that because Miller's actions were so pervasive Defendant's managers became aware of the harassment, but did not intervene. Consequently, on February 28, 1998, Plaintiff resigned.

On August 20, 1998, Plaintiff filed a sexual harassment and retaliation charge with both the Equal Employment Opportunity Commission ("EEOC") and the Texas Commission for Human Rights ("TCHR"), alleging sexual discrimination. On January 14, 1999, presumably at Plaintiff's request, the EEOC issued a dismissal notice containing a "right-to-sue" statement authorizing her to bring a private action in federal court—146 days after Plaintiff had submitted her complaint to the EEOC. Plaintiff then filed suit on her discrimination claims on April 6, 1999.

### II. MOTION TO DISMISS

A. *Standard of Review*

The Federal Rules of Civil Procedure authorize a court, upon suitable showing, to dismiss any action or any claim within

an action for failure to state a claim upon which relief can be granted. *See* Fed. R.Crv.P. 12(b)(6). When considering a motion to dismiss, the Court accepts as true all well-pleaded allegations in the complaint, and views them in a light most favorable to the plaintiff. *See Malina v. Gonzales,* 994 F.2d 1121, 1125 (5th Cir. 1993). Unlike a motion for summary judgment, a motion to dismiss should be granted only when it appears without a doubt that the plaintiff can prove no set of facts in support of her claims that would entitle her to relief. *See Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *Tuchman v. DSC Communications Corp.,* 14 F.3d 1061, 1067 (5th Cir. 1994).

## B. *Early Right–to–Sue Notices*

■ Defendant seeks dismissal of Plaintiff's suit, alleging that the Court is without jurisdiction to address Plaintiff's claim because the EEOC did not have the authority to issue a notice of right-to-sue. According to Defendant, the EEOC prematurely issued a right-to-sue letter to Plaintiff in violation of Section 2000e–5(f)(1) of Title VII. Therefore, Defendant argues that Plaintiff failed to exhaust her administrative remedies. In support of its position, Defendant cites nine opinions in which courts have held that a private party cannot bring a Title VII suit until the EEOC has completed a 180–day investigation of the alleged discrimination. *See Martini v. Federal Nat'l Mortgage Ass'n,* 178 F.3d 1336 (D.C.Cir.1999); *Robinson v. Red Rose Communications, Inc.,* No. CIV.A. 97–CV–6497, 1998 WL 221028 (E.D.Pa. May 5, 1998); *Montoya v. Valencia County,* 872 F.Supp. 904 (D.N.M.1994); *Henschke v. New York Hosp.—Cornell Med. Ctr.,* 821 F.Supp. 166 (S.D.N.Y.1993); *New York v. Holiday Inns, Inc.,* 656 F.Supp. 675 (W.D.N.Y.1984); *Mills v. Jefferson Bank E.,* 559 F.Supp. 34 (D.Colo. 1983); *Spencer v. Banco Real, S.A.,* 87 F.R.D. 739 (S.D.N.Y.1980); *Hiduchenko v. Minneapolis Med. and Diagnostic Ctr. Ltd.,* 467 F.Supp. 103 (D.Minn.1979); *Loney v. Carr–Lowrey Glass Co.,* 458 F.Supp. 1080 (D.Md.1978) (all dismissing Title VII suits for failure to state a claim because the EEOC issued a right-to-sue notice prior to the expiration of the 180–day statutory period). Defendant also contends that dicta found in *EEOC v. Hearst Co.,* 103 F.3d 462 (5th Cir.1997), indicates that the Fifth Circuit is likely to adopt this position, as well.

In response, Plaintiff points to the Second, Ninth, and Eleventh circuits, which allow the EEOC to issue a right-to-sue letter before the 180–day review period has elapsed. *See Sims v. Trus Joist MacMillan,* 22 F.3d 1059, 1061 (11th Cir.1994); *Brown v. Puget Sound Elec. Apprenticeship & Training Trust,* 732 F.2d 726, 729 (9th Cir.1984); *Saulsbury v. Wismer and Becker, Inc.,* 644 F.2d 1251, 1257 (9th Cir. 1980); *Bryant v. California Brewers Ass'n,* 585 F.2d 421, 425 (9th Cir.1978), *vacated and remanded on other grounds,* 444 U.S. 598, 100 S.Ct. 814, 63 L.Ed.2d 55 (1980) (all permitting a private party to pursue claims in federal court upon the issuance of the right-to-sue letter by the EEOC, even if the 180–day investigation period has not expired).[1]

---

1. Numerous district courts also have adopted the position taken by the Second, Ninth, and Eleventh Circuits. *See, e.g., Marie Thomas v. Bet Sound–Stage Restaurant/BrettCo,* No. CIV.A. AW–99–316, 1999 WL 692020, at *8 (D.Md. Sept.1, 1999); *Palumbo v. Lufthansa German Airlines,* No. 98–CV–5005, 1999 WL 540446, at *2 (S.D.N.Y. July 26, 1999); *Advani v. Andrew Corp.,* No. 96–C–7628, 1999 WL 160062, at *3 (N.D.Ill. Mar.12, 1999); *Rosario v. Copacabana Night Club, Inc.,* No. 97–CV–2052 (KTD), 1998 WL 273110, at *7 (S.D.N.Y. May 28, 1998); *Olszewski v. Bloomberg L.P.,* No. 96–CIV–3393 (RPP), 1997 WL 375690 (S.D.N.Y. July 7, 1997); *Woelbling v. R.C. Wilson Co.,* 966 F.Supp. 858, 862 (E.D.Mo.1997); *Figueira v. Black Entertainment Television,* 944 F.Supp. 299, 304 (S.D.N.Y.1996); *Martinez v. Labelmaster,* No. 96–C–4189, 1996 WL 580893, at *4 (N.D.Ill. Oct.4, 1996); *Parker v. Noble Roman's Inc.,* No. IP–96–65–C–D/F, 1996 WL 453572, at *1 (S.D.Ind. June 26, 1996); *DeFranks v. Court of Common Pleas,* No. CIV.A. 95–327, 1995

## 1. *Title VII Requirements*

In Title VII discrimination cases, plaintiffs must first exhaust their administrative remedies with the EEOC before filing suit in federal court. *See Lockhart v. American Tel. & Tel. Co.,* No. CIV.A. 397–CV–3021–X, 1999 WL 38167 (N.D.Tex. Jan.15, 1999); *see also National Ass'n of Gov't Employees v. City Pub. Serv. Bd.,* 40 F.3d 698, 711 (5th Cir.1994). The statute provides that a complainant may file a civil action if the EEOC has dismissed the charge or if "within one hundred and eighty days from the filing of such charge ... the [EEOC] has not filed a civil action ..., whichever is later...." 42 U.S.C. § 2000e–5(b) (1994). EEOC regulations also allow for the issuance of a right-to-sue notice prior to the expiration of the 180–day period if the complainant requests an early issuance and the EEOC determines that "it will be unable to complete its administrative proceeding of the charge within 180 days from the filing of the charge." 29 C.F.R. § 1601.28(a)(2) (1998).[2] Issuance of a right-to-sue letter terminates further EEOC processing of the complaint, *see id.* § 1601.28(a)(3), and allows the plaintiff to bring action in federal court. Absent these circumstances, the EEOC is required to investigate the charge and determine whether there is reasonable cause to believe the complaint is true. This determination is to be made "as promptly as possible and, so far as practicable, not later than one hundred and twenty days from the filing of the charge." 42 U.S.C. § 2000e–5(b). The Fifth Circuit has not squarely addressed the jurisdictional effect of the early right-to-sue notice, authorized by 29 C.F.R. § 1601.28(a)(2), and there is a split of authority among the circuits that have discussed it. However, without clear direction from the Fifth Circuit on this issue, the Court finds the reasoning of the Ninth and Eleventh Circuits' opinions to be convincing.

## 2. *The Ninth and Eleventh Circuits*[3]

In allowing the early issuance of private right-to-sue letters, the Ninth Circuit has held that " 'Section 2000e–5(f)(1) simply requires the EEOC to issue a no-

WL 606800, at *6 (W.D.Pa. Aug.17, 1995); *Fischer v. Medical Imaging Corp.,* No. 91–C–3623, 1991 WL 171346, at *7 (N.D.Ill. Aug.29, 1991); *Nila v. City of Aurora,* No. 89–C–4183, 1990 WL 16256, at *3 (N.D.Ill. Feb.15, 1990); *Rolark v. University of Chicago Hosp.,* 688 F.Supp. 401, 404 (N.D.Ill.1988); *Susswell v. Northwestern Hosp.,* No. 84–C–512, 1985 WL 665, at *3 (N.D.Ill. Apr.23, 1985); *Bey v. Schneider Sheet Metal, Inc.,* 596 F.Supp. 319, 323 (W.D.Pa.1984); *Toombs v. Greer–Smyrna, Inc.,* 529 F.Supp. 497, 503 (M.D.Tenn.1982), *aff'd,* 709 F.2d 1509 (6th Cir.1983); *Cattell v. Bob Frensley Ford, Inc.,* 505 F.Supp. 617, 622 (M.D.Tenn.1980); *Vera v. Bethlehem Steel Corp.,* 448 F.Supp. 610, 614 (M.D.Pa.1978); *Howard v. Mercantile Commerce Trust Co.,* No. 74–417C(1), 1974 WL 302, at * 2 (E.D.Mo. Nov.27, 1974); *see also* Valerie J. Pacer, *The Early Right–to–Sue Letter: Has the EEOC Exceeded Its Authority? Henschke v. New York Hospital–Cornell Medical Center 821 F.Supp. 166 (S.D.N.Y.1993),* 72 Wash.U.L.Q., 757, 767 (1994) (concluding that "the EEOC's interpretation of section 2000e–5(f)(1) warrants deference in the absence of a specific statutory prohibition of the early right-to-sue letter").

2. The EEOC guidelines also require the agency, upon written request by complainant, to issue a right-to-sue letter once 180 days have elapsed. *See* 29 C.F.R. § 1601.28(1)(1). Defendant notes that the Fifth Circuit in *Hearst* hinted that because these EEOC regulations appear to contravene the express language in Title VII (by granting the premature issuance of right-to-sue letters), they should be held as invalid. The Fifth Circuit nonetheless left that question open for future discussion. The Court remains persuaded by the rulings made by the Ninth and Eleventh Circuits that uphold the viability of these administrative guidelines, based on the statutory authority granted to the EEOC by Title VII "to issue, amend, or rescind suitable procedural regulations to carry out the provisions of this subchapter." 42 U.S.C. § 2000e–12(a).

3. Despite Plaintiff's assertions to the contrary, the Second Circuit's holding in *Weise v. Syracuse University,* appears to be strictly limited to the particular facts present in that case. *See, e.g., Spencer v. Banco Real, S.A.,* 87 F.R.D. 739, 745 (S.D.N.Y.1980). Therefore, the Court will focus on the broader propositions forwarded by the Ninth and Eleventh Circuits.

tice of right-to-sue if it has failed to file suit or arrange a conciliation agreement within 180 days. Nowhere does the statute prohibit the EEOC from issuing such notice before the expiration of the 180–day period.'" *Saulsbury,* 644 F.2d at 1257 (quoting *Bryant,* 585 F.2d at 425). The Eleventh Circuit has further recognized that:

> (1) 29 C.F.R. § 1601.28(a) does not prohibit the EEOC from issuing an early right to sue notice prior to the expiration of a 180–day period; (2) the purpose of the 180–day period is to protect the aggrieved party from extended administrative proceedings or bureaucratic backlog; and (3) where the EEOC determines, due to its huge backlog, that it cannot investigate an aggrieved party's charge within the 180–day period and notifies the aggrieved party that it is terminating its investigative efforts, it is pointless for the aggrieved party to stand by and mark time until the 180–day period expires.

*Sims,* 22 F.3d at 1061.[4] These opinions recognize the legitimacy of the EEOC's early right-to-sue regulation, based on the express provision in Title VII that the EEOC can "issue, amend, or rescind suitable procedural regulations to carry out the provisions of this subchapter." 42 U.S.C. § 2000e–12(a). And as the *Sims* court noted, EEOC's regulation should be upheld because "it is 'reasonably related to the purposes of the enabling legislation.'"

*Sims* at 1062 (quoting *Mourning v. Family Publications Serv., Inc.,* 411 U.S. 356, 369, 93 S.Ct. 1652, 1660–61, 36 L.Ed.2d 318 (1973)). Additionally, the Ninth and Eleventh Circuits both have held that the language and history of the EEOC regulation remain consistent with the purposes of Section 2000e–5(f)(1). The Court agrees.

In this case, the Court also finds it would be even more inequitable for the Court to remand Plaintiff's complaint to the EEOC and then simply wait an additional thirty-four days (until the 180–day period has expired) before the agency returns the case back to this Court.[5] In issuing the right-to-sue order 146 days after Plaintiff filed her complaint, the EEOC already determined that it would not be able to bring resolution to Plaintiff's case before the end of the 180–day period. Remanding the case to the EEOC will only serve to delay the ultimate resolution of this case by this Court. The Court therefore is persuaded by the findings made by the Ninth and Eleventh Circuits that the early right-to-sue regulation is consistent with the purposes of Section 2000e–5(f)(1) of Title VII.

### 3. *The Fifth Circuit*

According to Defendant, the EEOC regulation permitting the issuance of early right-to-sue letters is invalid. To bolster its argument, Defendant first claims that the Fifth Circuit in *EEOC v. Hearst Corp.*

---

4. In Title VII cases, procedural requirements are viewed as conditions precedent, not jurisdictional requirements. *See Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 393, 102 S.Ct. 1127, 1132, 71 L.Ed.2d 234 (1982) (noting that the timely filing of a charge is not a jurisdictional requirement, but rather is in the nature of a statute of limitations, subject to doctrines of waiver, tolling, and estoppel); *Stache v. International Union of Bricklayers and Allied Craftsmen,* 852 F.2d 1231, 1233 (9th Cir.1988) ["[E]xhaustion of administrative remedies is not jurisdictional but merely a condition precedent to suit to which a defendant may waiver or be esptopped from asserting."]; *Fouche v. Jekyll Island–State Park Authority,* 713 F.2d 1518, 1524 (11th Cir.1983) ["[A]ll Title VII procedural require-

ments to suit are henceforth to be viewed as conditional precedent to suit rather than as jurisdictional requirements."]. Thus, the Court finds that any requirement that a right-to-sue notice be issued after the expiration of 180 days is not a jurisdictional prerequisite to suit, and according to equitable principles, the Court further holds that Plaintiff should not be barred from proceeding with her claims in federal court simply because the EEOC issued an early right-to-sue letter.

5. In its motion, Defendant concedes that after remand, Plaintiff would be entitled to refile her claim in this Court thirty-four days later. *See* Def.'s Reply to Pl.'s Reply to Def.'s Mot. to Dismiss at 6.

leaned toward adopting this position. Although *Hearst* involved a different legal question than the one posed in this case—whether the EEOC maintains the authority to investigate a claim indefinitely, even after a right-to-sue notice has been issued—the case makes reasonably clear that the actions taken by Plaintiff do not preclude her from pursuing claims in this Court. The opinion does not discuss whether the EEOC may issue right-to-sue notices within 180 days of the complaint being filed. Instead, *Hearst* reiterates that Title VII "unambiguously establishes the right of private parties to sue after 180 days have passed." *EEOC v. Hearst Corp.*, 103 F.3d 462 (5th Cir.1997) (stating further that "the statute is clear that in the first 180 days after the charge is filed, only the EEOC is permitted to sue").

In this case, Plaintiff did not violate that requirement. Neither party disputes that Plaintiff submitted her complaint to the EEOC on August 28, 1998 and waited 220 days, until April 6, 1999, before filing suit in this Court. Hence, Plaintiff properly exercised her right to bring claims after the beyond the 180–day waiting period. Furthermore, *Hearst* holds that when "the charging party has requested and received a right-to-sue notice and is engaged in a civil action that is based upon the conduct alleged in the charge filed with the EEOC, that charge no longer provides a basis for EEOC investigation." *Id.* at 469–70. ("[T]he dismissal of a charge must surely terminate all agency action upon it, strongly suggesting that this section identifies the point at which EEOC processing ceases."). Under this language, an argument exists that the EEOC, in this case, is not authorized to investigate Plaintiff's claim

further—precisely because it issued a right-to-sue letter ending its review of Plaintiff's complaint.

Finally, *Hearst* recognized the logistical requirements of an EEOC investigation when it observed that "Congress expected the EEOC to complete investigations within 120 days." *Id.* at 467. Here, the EEOC issued its right-to-sue order on January 14, 1999, 19 days after the 120 days investigatory period had passed. Consequently, with the EEOC's inquiry stage already concluded per the specific requirements of Title VII,[6] the Court finds that remanding Plaintiff's case to the EEOC for further investigation likely would not serve any useful purpose. For these reasons, exercising jurisdiction over this case does not violate *Hearst*.[7]

### 4. The D.C. Circuit

In addition to *Hearst*, Defendant draws upon the findings made by the Circuit Court for the District of Columbia in *Martini v. Federal National Mortgage Ass'n* to support its assertion that a right-to-sue notice issued by the EEOC less than 180 days from the filing of a complaint amounts to a *per se* violation of Title VII. This Court will not speculate on whether *Martini* will be fully embraced by the Fifth Circuit, but notes that the decision does not reflect the Fifth Circuit's current jurisprudence. The Court also remains unpersuaded by *Martini*.

In *Martini*, the court dismissed the plaintiff's claims for having brought suit in federal court less than 180 days after filing charges with the EEOC. *Martini*, 178 F.3d at 1338–39 (noting that the plaintiff

---

6. The very fact that the EEOC issued a right-to-sue letter necessarily means that the agency had determined that administrative processing likely would be futile, in that it likely would lead to dismissal, conciliation, or an EEOC lawsuit within 180 days. *See* 29 C.F.R. § 1601.28(a)(2).

7. The only other court within the Fifth Circuit to address this issue arrived at the same conclusion. *See Wells v. Hutchinson*, 499

F.Supp. 174, 189 (E.D.Tex.1980) ("[Defendant] is incorrect in asserting that the EEOC must await the passage of 180 days after a charge is filed before issuing a right-to-sue letter. Indeed, the express terms of Title VII indicate that a plaintiff may be entitled to receive a right-to-sue letter 'within one hundred and eighty days from the filing' of his EEOC charge.").

sued the defendant in federal court only 101 days after the filing of the EEOC charge). The same basis for dismissal does not exist in this case. As discussed previously, Plaintiff's Title VII suit, unlike the one at issue in *Martini*, is not untimely, because Plaintiff initiated it more than 180 days after she filed discrimination charges with the EEOC. Thus, Plaintiff has not violated the 180–day waiting period provision under Sections 2000e–5(b) and 2000e–5(f)(1).[8]

The *Martini* court also invalidated the EEOC's "early right-to-sue" regulation promulgated under 29 C.F.R. § 1601.28(a)(2) because it allegedly violates what the court characterizes as an absolute 180–day waiting period for the filing of private suits in federal court. Defendant asserts that the Court should adopt this position based on *Martini*'s "exhaustive survey" of the legislative history surrounding Section 2000e–5(f)(1). Def.'s Mot. to Dismiss at 24. However, in carefully balancing *Martini* against opinions issued by the Ninth and Eleventh Circuits, which also engaged in detailed reviews of the relevant legislative history, the Court is more firmly swayed by the Ninth and Eleventh Circuits and thus finds that the right-to-sue notice issued to Plaintiff prior to the 180–day period does not violate the statute.

Section 2000e–5(f)(1) states that an aggrieved party may sue under Title VII if the EEOC either dismisses the charge or if neither sues the respondent nor reaches an acceptable conciliation agreement within 180 days after the filing of the charge. *See* 42 U.S.C. § 2000e–5(f)(1). Here, the EEOC issued its right-to-sue order to Plaintiff as a part of the dismissal notice; therefore it can be reasonably interpreted that the agency comported with the dismissal requirement under Section 2000e–5(f)(1).[9] In fact, there is no evidence that Congress intended to prohibit right-to-sue dismissals within 180 days. Moreover, authorizing the EEOC to issue early right-to-sue letters furthers Congress's intent to "allow the person aggrieved to elect to pursue his or her own remedy . . . in the courts where there is agency inaction, dalliance . . . or unsatisfactory resolution," 118 Cong.Rec. 7168 (1972), because, as the Ninth and Eleventh Circuits have recognized, early right-to-sue letters are not issued until after the EEOC has determined that "it will be unable to complete its administrative proceeding of the charge within 180 days from the filing of the charge." 29 C.F.R. § 1601.28(a)(2).

Factual distinctions also compel the Court to decline to apply the reasoning in *Martini*. One of the central concerns raised in *Martini* was that the issuance of the right-to-sue letter terminated the EEOC's investigation. *Martini*, 178 F.3d at 1346 ("[A]lthough the statute allows some flexibility in the timing of reasonable cause determinations, the Commission's duty to investigate is both mandatory and

---

8. Defendant asserts that dicta in *Occidental Life Ins. Co. v. EEOC*, 432 U.S. 355, 97 S.Ct. 2447, 53 L.Ed.2d 402 (1977), also supports its position that the EEOC cannot prematurely issue a right-to-sue order. The Court disagrees. Instead of analyzing the rights of private litigants to bring suit on discrimination claims, *Occidental Life* dealt with whether Title VII imposes a time limitation on the EEOC's authority to file suit in federal court. *Id.* at 355, 97 S.Ct. 2447. Only as an aside did the Supreme Court state that "a natural reading of [§ 2000e–5(f)(1) ] can lead only to the conclusion that it simply provides that a complainant whose charge is not dismissed or promptly settled or litigated by the EEOC may himself bring a lawsuit, but that he must

wait 180 days before doing so." *Id.* at 361, 97 S.Ct. 2447. Here, Plaintiff refrained from filing suit until the requisite 180–day period had elapsed, thereby exercising its rights in accordance with both Title VII and the interpretive language in *Occidental Life*.

9. From a more practical standpoint, the Court notes that the EEOC promulgated its early right-to-sue regulation in 1977, *see* 42 Fed.Reg. 47,828 (1977), and for the past twenty-two years Congress has elected not to override the provision, despite the fact that every preprinted dismissal order issued by the EEOC includes "right-to-sue requested" as a reason for dismissal.

unqualified). In *Martini*, the EEOC issued the right-to-sue letter twenty-one days after the complaint was filed. *Id.* at 1346 (noting how speculative it was for the EEOC to predict after a mere 21 days of investigation that 'it was probable that the EEOC would be unable to complete its administrative processing of the charge within 180 days' ") (quoting 29 C.F.R. § 1601.28(a)(2)). Given that Title VII requires the EEOC to investigate a charge and make a reasonable determination no later than 120 days from the filing of the charges, it is understandable why the *Martini* court could not reconcile the "early termination of the process or the regulation authorizing it with Section 2000e–5(b)'s express direction to the Commission that it investigate all charges." *Id.* at 1346 (citation omitted). This Court holds no such fears, because the EEOC did not violate its "mandatory and unqualified" duty to investigate Plaintiff's charge. As noted previously, Title VII requires the EEOC to conclude its investigation within approximately 120 days. *See* 42 U.S.C. § 2000e–5(b). In this case, the EEOC issued its right-to-sue letter more than 120 days after Plaintiff had filed her complaint—the mandatory investigation period had expired. As a result, the EEOC's decision to issue a right-to-sue letter in this case was not the "speculative prediction of futility" described in *Martini*. Therefore, the Court finds that, in this situation and in the absence of Fifth Circuit law to the contrary, the issuance of the early right-to-sue letter was a proper exercise of the EEOC's regulatory authority, because it did not undermine EEOC's duty under Section 2000e–5(b) to investigate Plaintiff's charge.[10]

### 5. Practical Considerations

The Ninth and Eleventh Circuits allow private litigants to pursue claims upon receipt of a right-to-sue letter from the EEOC, even if it occurs prior to the expiration of the 180–day investigation period. The Circuit Court for the District of Columbia, however, stands as the only circuit opposing this position. The Court acknowledges that an underlying reason supporting the *Martini* court's strict enforcement of the 180–day period is grounded in public policy: dissuading complainants from pursuing Title VII claims in federal court without first allowing the EEOC to attempt to resolve the dispute. Naturally, permitting the EEOC an entire 180–day window to investigate and conciliate claims facilitates this goal. The Court, however, is being asked to balance that objective with the realities present in this case. Here, at the time in which the EEOC made the determination that it would not likely be able to bring a resolution to Plaintiff's complaint within 180 days, the mandatory investigation period had already passed. Given that the purpose of the 180–day requirement is to ensure that the EEOC acts within a reasonable time period, the Court cannot in good conscience interpret the 180–day requirement to mean that Plaintiff's file must return to the EEOC for further inquiry—merely because of a statutory interpretation that penalizes the Plaintiff for acting in compliance with Title VII. *See Susswell*, 1985 WL 665, at *3 ["[E]ven if the EEOC did err in prematurely issuing a letter, we do not believe that the plaintiff should be held responsible for the Commission's error or neglect."]; *Toombs*, 529 F.Supp. at 503 ("[I]t is also the philosophy of Title VII that a complainant's rights not be prejudiced by confusion resulting from the tech-

---

**10.** The Court recognizes that the *Martini* opinion also states that regardless of whether the 120–day investigation period has passed, any issuance of a right-to-sue notice prior to the expiration of the 180–day threshold violates Title VII. However, the Court notes that the primary thrust of *Martini* involved protecting the integrity of the EEOC investigation process. As discussed earlier, the statutorily mandated investigation time period had ended in this case. The integrity of the investigation is not at issue. As a result, the Court remains unpersuaded by this line of reasoning and instead relies on the Ninth and Eleventh Circuits' interpretations of the EEOC regulations.

nical filing requirements of Title VII. A plaintiff should especially not be handicapped when the violation of the filing requirements is directly the fault of the EEOC.") (citing *Love v. Pullman Co.*, 404 U.S. 522, 92 S.Ct. 616, 30 L.Ed.2d 679 (1972)).

Furthermore, Defendant's proposed remedy is nonsensical: it would have Plaintiff's complaint remanded to the EEOC for thirty-four days of additional review. But we already know what would occur. Because the EEOC would not be required to make additional findings, and because the EEOC already has issued a right-to-sue dismissal stating that it would not be able to bring resolution to the complaint in the remaining thirty-four days of its authority, it would be futile to force Plaintiff to wait when it is obvious that the EEOC will be unable to investigate her charges or reach conciliation proceedings within the 180–day period. *See Sims*, 22 F.3d at 1063 ("Once the Commission determines that it will be unable to process the complainant's charge within the 180–day period, no legitimate purpose is served by forcing delay."); *Fischer*, 1991 WL 171346, at \*1 ("[I]t is senseless to require plaintiffs to wait 180 days merely to fulfill a formal requirement, when, as in this case, the EEOC has already acknowledged that it will be unable to process the charge within that time."); *Susswell*, 1985 WL 665, at \*3 ("[G]iven the backlog of charges pending before the EEOC, and the EEOC's representation that reconciliation attempts would not prove fruitful, it would serve no purpose to dismiss the claim and send plaintiff back to the EEOC at this late date."); *Cattell*, 505 F.Supp. at 622 ("Fundamentally, requiring the plaintiff in such a case to sit twiddling her thumbs and 'flattening her time' by watching the days drift by until there finally appeared the time when a remedy was available would just not make sense." (footnote omitted)). What would happen is this: on day thirty five, Plaintiff would receive another right-to-sue letter (or not receive anything at all), and Plaintiff would refile her same case in this Court. This exercise would be extremely counterproductive.

### III. CONCLUSION

The Court is persuaded by the analysis conducted by the Ninth and Eleventh Circuits supporting the decision to allow the EEOC to issue right-to-sue order before 180 days have expired. Consequently, the Court holds that Plaintiff had exhausted her administrative remedies on January 14, 1999, when the EEOC issued its right-to-sue notice, 146 days after the filing of the charge by Plaintiff. Accordingly, Defendant's Motion to Dismiss is **DENIED**.

**IT IS SO ORDERED.**